# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.:  1:23-cv-2093

Jeriyma Hartsfield,
individually and on behalf of
others similarly situated,

     Plaintiff,


    v.


Frontier Airlines, Inc., Frontier Airlines
Holding, Inc., Frontier Airlines
Management, Inc., Indigo Partners, LLC,

     Defendants.

---

## CLASS ACTION COMPLAINT

---

Plaintiff Jeriyma Hartsfield ("Plaintiff"), on behalf of herself and all others similarly situated, files this Class Action Complaint ("CAC") against Defendants Frontier Airlines, Inc., Frontier Airlines Holding, Inc., and Frontier Airlines Management, Inc. (collectively, "Frontier") and Indigo Partners, LLC, (all together, "Defendants"), and in support states the following.

## NATURE OF THE SUIT

1.     This is a class action lawsuit by Plaintiff on behalf of herself and all others similarly situated who purchased Defendants' "All You Can Fly Pass"[1] ("Pass", or "Passes"), that were

---

[1] https://www.flyfrontier.com/deals/gowild-pass/?mobile=true

manufactured, marketed, labeled, distributed, and sold by Defendants. The above-described group of persons who purchased Defendants' Pass is to be referred to as the Putative Class hereinafter.

2.    Plaintiff brings this action because of Defendants' fraud, false marketing, false advertising, breach of contract, breach of warranty, and breaches of state law consumer protection statutes.

3.    Defendant Frontier is a self-proclaimed budget airline, specializing in "Low Fares Done Right"[2], as documented in its corporate wordmark and website branding.

4.    Through its own marketing, Frontier is seeking out consumers who might be in vulnerable positions financially given its budget friendly marketing.

5.    In firm juxtaposition to the customers of Frontier, exists the wealthy private equity fund Defendant Indigo Partners, LLC ("Indigo"). Indigo is the parent company of Frontier.[3] Along with Frontier, Defendant Indigo owns a litany of self-proclaimed "budget" airlines throughout the globe.[4]

6.    Defendant Indigo truly is a global titan in the arena of budget air travel. Defendant Indigo has specialized in this budgeted arena for nearly two decades and has spent the last five years acquiring various airlines.[5]

7.    Defendants have developed a scheme in which they offer a fraudulent discount. Much like the idea of all-you-can-eat buffet, Defendants offer an all-you-can-fly style of ticket.

---

[2] https://www.flyfrontier.com/
[3] https://centreforaviation.com/data/profiles/airline-groups/indigo-partners
[4] Id.
[5] https://www.mirrorreview.com/airbus-closes-49-5bn-deal-us-investment-firm-indigo-partners/ ; https://www.aviacionline.com/2022/02/indigo-partners-continues-to-expand-in-america-frontier-airlines-to-acquire-spirit/

This new program, allegedly, allows the budget conscious flyers, energetic travel addicts, and frugal businesspersons to all now fly as much as they want on just one ticket.

8.      As with many things that sound too good to be true, they usually are. Defendants' program amounts to no more than a fraudulent scam. But, unfortunately for consumers, this might be expected. Defendants are currently being sued for fraudulent fees relating to carry on bags.[6] Without delving into too much detail, Defendants have created another scheme in which it tells potential travelers the required sizes for carry on bags, and once at the airport, tells travelers that these bags are too large even if the bags fit in the sizing templates given by Defendant.[7]

9.      Compounding the damages to Plaintiff and The Putative Class is the fact that Defendants have not offered refunds for their inoperable Passes. In short, Plaintiff had the Putative Class have purchased a Pass for hundreds of dollars and are now stuck with a pass they cannot use. Given Plaintiff and the Putative Class's now worthless, inoperable, and nonrefundable tickets, declaratory and injunctive measures are appropriate.

## JURISDICTION AND VENUE

10.     This Court possesses subject-matter jurisdiction to adjudicate the claims set forth herein under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the Class who are diverse from Defendant, and (4) there are more than 100 class members.

11.     This Court has personal jurisdiction over Defendants Frontier Airlines, Inc., Frontier Airlines Management, Inc., and Frontier Airlines Holdings, Inc. because they have their

---

[6] *Hamad v. Frontier Airlines, Inc.*, Case No. 6:23-cv-1209 (M.D. Fla.)
[7] https://www.9news.com/article/travel/frontier-airlines-class-action-lawsuit/73-30b06c23-332e-4cc3-89e1-7b87a427dfdd

principal place of business located in this judicial district or are registered to do business within this district.

12.     This Court has personal jurisdiction over Defendant Indigo Partners, LLC because they have conducted substantial business in this judicial district, have significant connections in this district in that they are the parent company of other co-defendants, and are registered to do business in this District.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants are headquartered in this district, transact business in this district, are subject to personal jurisdiction in this district, and therefore are deemed to be citizens of this district. Given that Defendant Frontier's headquarters are located within this district, the design, approval, and distribution process of the Passes occurred or originated within this District. Additionally, Defendants have advertised in this district and have received substantial revenue and profits from its sales of Passes in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

**PARTIES**

     A.       **Plaintiff**

14.     Plaintiff Jeriyma Hartsfield is a resident of Horry County, S.C. Plaintiff lives in Myrtle Beach, S.C. which is located within Horry County.

15.     On November 18, 2022, Plaintiff purchased a $599 Pass.

16.     Unfortunately, Plaintiff could never use this Pass. This is because Frontier's booking system is inoperable when the Pass is attempted to be used. In more detail, when Plaintiff attempts to use her Pass, the relevant booking year for available dates to use the Pass displays as

the year 1904. This ludicrous year value is somewhat laughable at first glance, given that it coincides greatly with the first known human flight in late 1903.[8]

17.     But, this is no fixable glitch on Plaintiff's end, or a simple scroll for valid dates. For weeks on end, Plaintiff would attempt to book flights, and for weeks on end, Plaintiff would be stuck looking for flights in the year 1904 as the system never updated.

18.     Plaintiff even called Defendants' helplines but was placed on hold for immense amounts of time. Once relieved by the fact of her call being answered by Frontier, Plaintiff began down a new runway of heightening frustration as Plaintiff was told by Frontier that she could not be refunded for her Pass.

19.     Had Plaintiff known of the true nature of this Pass, in that it was a nonrefundable and inoperable Pass, Plaintiff would not have purchased the Pass. As a result of her purchase of the Pass, Plaintiff has been defrauded of her purchase price, been deprived of her benefit of the bargain, and has been greatly inconvenienced. Further, Plaintiff has lost the opportunity to travel with some other airlines given that she her budget for flights has been reduced and limited.

**B.      Defendants**

20.     Defendant Frontier Airlines, Inc. is a Colorado based airline, with its principal place of business at 4545 Airport Way, Denver, CO 80239.

21.     Defendant Frontier Airlines Holding, Inc. is a Delaware holding corporation that owns or controls or holds Frontier Airlines.  Frontier Airlines Holding, Inc. is registered to do business in Colorado and has its principal place of business located at: 4545 Airport Way, Denver, CO 80239, United States.

---

[8] https://www.grc.nasa.gov/www/k-12/UEET/StudentSite/historyofflight.html#:~:text=The%20first%20manned%20flight%20was,de%20Rozier%20and%20Francois%20Laurent.

22.     Defendant Frontier Airlines Management, Inc. is a Delaware corporation that, based upon investigation and information and belief, manages Defendant Frontier Airlines. Frontier Airlines Holding, Inc. is registered to business in Colorado has its principal place of business located at: 4545 Airport Way, Denver, CO 80239, United States.

23.     Defendant Indigo Partners, LLC is an Nevada based private equity firm that owns Frontier Airlines. Defendant Indigo Partners, LLC's principal place of business is: 2525 E. CAMELBACK ROAD, SUITE 900, PHOENIX, AZ, 85016.

24.     Defendants have a history of fraudulent behavior of dealing with consumers, as they overcharge passengers for bag fees.[9]

25.     This bag fee debacle grew to viral status on the app TikTok, with some videos garnering over a million views.[10]

26.     Defendant Indigo Partners, LLC is a massively well-endowed private equity firm based out of Phoenix, AZ but originally incorporated in Nevada.[11]

27.     Defendant Indigo owns several low-budget, or ultra-low-budget airlines.[12]

28.     From 2017 to the present, Defendant Indigo has made several large business moves as to consolidate and monopolize the budget air travel industry.[13]

## FACTUAL ALLEGATIONS

29.     Plaintiff purchased Defendants' Pass on November 18, 2022, for $599.

---

[9] https://www.9news.com/article/travel/frontier-airlines-class-action-lawsuit/73-30b06c23-332e-4cc3-89e1-7b87a427dfdd

[10] https://www.tiktok.com/discover/class-action-lawsuit-frontier

[11] https://mergr.com/indigo-partners-mergers-acquisitions

[12] https://www.flightglobal.com/dubai-indigo-partners-signs-mou-for-430-a320neos/126155.article

[13] Id.

30.     When Plaintiff attempted to purchase flights while using her Pass, no valid flights appeared.

31.     In more detail, Plaintiff's viewing experience within Defendants' booking system was horribly inoperable, as Defendants' system only displayed flights for the year 1904 when formatted to show flights available for Plaintiff's Pass.

32.     Upon information and belief, several other purchasers other the "All You Can Fly Pass" experience similar difficulties in booking flights.

33.     After readjusting the settings contained within Defendants' booking system to no avail, Plaintiff reached out to Defendants' customer service division.

34.     Plaintiff spent hours upon hours on the phone with Defendants' customer service representatives, and once again, to no avail.

35.     Plaintiff was directly informed that she could not be refunded for her Pass, even though the Pass was inoperable.

36.     To reiterate, this Pass cost Plaintiff $599 and provided her with no flights, the direct opposite of the advertised unlimited flights.

37.     Plaintiff would not have purchased this Pass had she known of the true nature of Defendants' Pass.

38.     Plaintiff was deprived of her benefit of the bargain and was monetarily harmed by Defendants' Pass.

39.     As documented above, Defendants have a noted history of defrauding customers through their deceptive fees and charges.

## CLASS ALLEGATIONS

40.     Plaintiff brings this action on behalf of herself and all others similarly situated class members (the "Class") pursuant to Rule 23(a) and Rule 23 (b)(3) of the Federal Rules of Civil Procedure. Plaintiffs seek class certification on behalf of the class defined as follows ("the Nationwide Class").

**Nationwide Class**
All persons in the United States who purchased an "All-You-Can-Fly" Pass sold by Defendants from 2020 to the Present.

41.     Alternatively, Plaintiff brings this action on behalf of herself and all other similarly situated consumers pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following class (South Carolina Sub-Class):

**South Carolina Sub-Class**
All persons in South Carolina who purchased an "All-You-Can-Fly" Pass sold by Defendant from 2020 to the Present.

42.     Excluded from the Classes are any Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

43.     Together, the above-mentioned South Carolina Subclass and Nationwide shall be collectively referred to as the "Classes" or "Class". Proposed Members of said Classes will be referred to as "Class Members", or otherwise referenced as "members of the Class".

44.     **Numerosity:** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class/Sub-Classes contains thousands of purchasers who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff at this time.

45.    **Typicality:** Plaintiff's claims are typical to those of all Class members because members of the Class are similarly injured through Defendants' uniform misconduct described above and were subject to Defendants' deceptive claims.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class and Sub-Class.

46.    **Commonality:** Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiff and all prospective Class members involve the same alleged defect. These common legal and factual questions include the following:

    a.   Whether Defendants' Passes are defective and/or inoperable;

    b.   Whether Defendants owed a duty of care to Plaintiff and the Class;

    c.   Whether Defendants knew or should have known that the Passes were defective and/or inoperable;

    d.   Whether Defendants wrongfully represent, and continue to represent, that their Passes are operable, thus granting unlimited flights;

    e.   Whether Defendants' omissions are true, or are misleading, or objectively reasonably likely to deceive;

    f.   Whether the alleged conduct constitutes violations of the laws asserted;

    g.   Whether Defendants' allege conduct violates public policy;

    h.   Whether Defendants' representations in advertising, warranties, packaging, and labeling are false, deceptive, and misleading;

    i.   Whether those representations are likely to deceive a reasonable consumer;

    j.   Whether a reasonable consumer would consider the risk of the Passes not working;

k.  Whether Defendants were unjustly enriched as a result of its marketing, advertising, and sale of the Passes;

l.  Whether Defendants breached their express warranties;

m.  Whether Defendants breached their implied warranties;

n.  Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

o.  Whether Plaintiff and the Class Members are entitled to damages and/or restitution and the proper measure of that loss; and

p.  Whether an injunction is necessary to prevent Defendants from continuing to market and sell the Passes.

47.  **Adequacy:** Plaintiff and her counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases similar to that here and has the resources and abilities to fully litigate and protect the interests of the class. Plaintiff intends to prosecute this claim vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class, nor is Plaintiff subject to any unique defenses.

48.  **Superiority:** A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by Plaintiff and the individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain meaningful and effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial

resources and facilitate the consistency of adjudications. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

49.     The Class also may be certified because Defendants have acted or refused to act on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

50.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described above, such as continuing to market and sell Passes that may be defective. Further, Plaintiff seeks for Defendants to provide a full refund of the purchase price of the Passes to Plaintiff and the Class members.

51.     Unless a Class is certified, Defendants will retain monies received as a result of their conduct that was taken from Plaintiff and the Class members. Unless a Class-wide injunction is issued, Defendants may continue to commit the violations alleged and the members of the Class and the general public will continue to be misled and placed in harms' way.

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**Negligence**
**(On Behalf of Plaintiff and the Classes)**

52.     Plaintiff incorporates Paragraphs 1-51 by reference as if fully set forth herein.

53.     Defendants have a duty to provide operable Passes to consumers.

54.     Defendants breached this duty by designing, producing, marketing, and selling inoperable Passes.

55.     Defendants' breach of this duty to provide operable Passes caused damages to Plaintiff.

56.     Plaintiff was damaged in that she lost her benefit of the bargain, has suffered economic loss through the lack of refund, has suffered inconveniences due to the constant denial of flights, refunds, and has suffered emotional distress in her attempts to simply get her money back.

57.     Defendants' actions caused these damages both factually and proximately.

58.     But for Defendants' design, production, marketing, and sale of inoperable passes, Plaintiff and the Class would not have been damaged.

59.     In addition, it is foreseeable that producing an inoperable or invalid Pass would cause damages as Plaintiff and the Class purchased the Passes to fly and the inoperable Passes would not grant Plaintiff and the Class their bargained for flights.

60.     Due to Defendants' conduct, Plaintiff was damaged by Defendants in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price and has missed travel opportunities that she will never get back due to lost time and expenses.

61.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendants' negligent failure to deliver the bargained for Passes.

## SECOND CAUSE OF ACTION
### Negligent Misrepresentation
### (On Behalf of Plaintiff and the Classes)

62.     Plaintiff incorporates Paragraphs 1-51 by reference as if fully set forth herein.

63.     Through their advertising and the course of their regular business, Defendants made representations to Plaintiff and the Class concerning the function, operability, and validity of the Passes.

64.     Defendants did not practice reasonable care in the above-mentioned design, creation, production, sale, and marketing of the Passes.

65.     Defendants made these statements as to guide consumers, such as Plaintiff and the Class, in the transactional process.

66.     Defendants knew that such statements would be relied upon, the fact that Defendants' Passes were operable and offered nationwide flights, by Plaintiff and the Class, given that the statements were the entire reasoning for the purchase of the Passes.

67.     Plaintiff and the Class would not have purchased the Passes without such statements and assertions put forth by Defendants.

68.     Defendants intended that Plaintiff and the Class to rely on the representations made by Defendants regarding the Passes.

69.     Plaintiff reasonably relied upon such representations and omissions to their detriment as she suffered damages.

70.     By reason thereof, Plaintiff and Class Members have suffered damages in an amount to be proven at trial.

71.     Due to Defendants' conduct, Plaintiff was damaged by Defendants in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price and has missed travel opportunities that she will never get back due to lost time and expenses.

72.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendants' negligent misrepresentation of the Passes.

### THIRD CAUSE OF ACTION
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Classes)**

73.     Plaintiff incorporates Paragraphs 1-51 by reference as if fully set forth herein.

74. Plaintiff and the Class bestowed benefits upon Defendants in the form of monies that were paid in exchange for Defendants' Passes.

75. These benefits bestowed by Plaintiff were not a donation to Defendants as these monies were given for the purchase of the Passes.

76. As a result of Defendants' wrongful and deceptive conduct alleged herein, Defendants knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by the Plaintiff and members of the Class when they purchased the Passes.

77. In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and members of the Class.

78. Plaintiff and the Class paid for Passes that were properly functioning, Passes whose sole function was providing unlimited flights. Instead, they received something entirely different and relatively unusable.

79. As a result of Defendants' wrongful conduct as alleged herein, Defendants have been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

80. Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

81. Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive manufacturing, labeling, and marketing of the Passes to Plaintiff and members of the Class.

82. Defendants' retention of such funds under circumstances making it inequitable to do so, constitutes unjust enrichment.

83.     The financial benefits derived by Defendants rightfully belong to Plaintiff and members of the Class.

84.     Given the above, the circumstances make Defendants' retention of funds inequitable, without reimbursement for the funds to Plaintiff and the Class.

85.     Defendants should be compelled to disgorge in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by them, plus interest thereon.

86.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**FOURTH CAUSE OF ACTION**
**Breach of Express Warranty**
**(On Behalf of Plaintiff and the Classes)**

87.     Plaintiff incorporates Paragraphs 1-51 by reference as if fully set forth herein.

88.     As detailed above, Defendants, through its advertising and marketing expressly warranted that the Passes were for the purposes intended, that they were of merchantable quality, and that they actually provided unlimited flights.

89.     Moreover, the description for the Passes represents the use of these Passes serves to provide unlimited flights. Such statements constitute an affirmative promise that these Passes will indeed provide flights.

90.     Defendants breached this express warranty by providing Passes that were inoperable and could not provide such promised flights. The Passes, through whatever means, are inoperable.

91.     Plaintiff and the other Class Members read and relied on these express warranties provided by Defendants in the description of the product and subsequent advertisements.

92.     Defendants breached their express warranties because the Passes at issue are defective and unfit for their intended use.

93.     Defendants' breach of warranty proximately caused damages as it is foreseeable that such defective Passes, incapable of delivering on their warranties, would deprive Plaintiffs of their benefit of the bargain and monies paid for such Passes.

94.     Defendants were given notice of this breach through Plaintiff's numerous phone calls and notifications of such failures and inoperability of such Passes.

95.     Plaintiff and the other Class Members have suffered harm on account of Defendants' breach of its express warranty regarding the fitness for use of the Passes and are entitled to damages to be determined at trial.

96.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief thereunder for Defendants' failure to deliver Passes conforming to their express warranties and resulting breach.

## FIFTH CAUSE OF ACTION
### Breach of Implied Warranty of Fitness For A Particular Purpose
### (On Behalf of Plaintiff and the Classes)

97.     Plaintiff incorporates Paragraphs 1-51 by reference as though fully set forth herein.

98.     Defendant's Passes were to be used as passes to provide unlimited flights in the airline setting specifically for Plaintiff to travel unlimitedly. Thus, Defendant's Passes were of a particular purpose.

99.     Defendant knew of this particular purpose as Defendant produced, marketed, sold, and advertised the Passes as providing unlimited flights.

100.    Defendant knew that Plaintiff relied on this promise of particularity as Defendant was aware of the assertions put forth regarding specificity and Plaintiff's required reliance on such a product.

101.    Plaintiff relied on Defendant's skill and capability to provide such a specific product.

102.    Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price and has missed travel opportunities that she will never get back due to lost time and expenses.

103.    Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## SIXTH CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability
### (On Behalf of Plaintiff and the Classes)

104.    Plaintiff incorporates Paragraphs 1-51 by reference as though fully set forth herein.

105.    Defendants sold the Passes to Plaintiff and other consumers.

106.    Plaintiff is a person who is reasonably expected to use such Passes, given that the Passes were sold to the public and Plaintiff is a consumer.

107.    Defendants are a commercial airline in the business of selling flights to consumers.

108.    Defendants presented the Passes as operable Passes that granted access to unlimited flights for Plaintiff and other consumers.

109.    The Passes were not merchantable at the time of sale given that they did not provide unlimited flights.

110.    This lack of merchantability is a breach of warranty.

111.     This breach both factually and proximately caused damages to Plaintiff through her loss of funds, deprivation of her benefit of the bargain, has missed trips and other travel opportunities, emotional duress, and inconvenience faced throughout the process of remedying the issue related to the Passes.

112.     Plaintiff notified Defendants of this breach and lack of merchantability through her consistent calls, messages, and other communications to Defendants regarding its failure to provide operable Passes.

113.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendants' failure to deliver goods conforming to their implied warranties and resulting in breach.

### SEVENTH CAUSE OF ACTION
**Breach of Contract**
**(On Behalf of Plaintiff and the Class)**

114.     Plaintiff incorporates Paragraphs 1-51 as if fully set forth herein.

115.     Through their marketing, advertisements, and promises, Defendants created a contract with Plaintiff.

116.     In specific, Plaintiff was to receive unlimited flights in exchange for the purchase price of Defendants' Passes.

117.     Plaintiff performed her obligation under the contract through her paid purchase price of the Passes.

118.     Defendants failed to perform their obligation under the contract in that Defendants failed to provide unlimited flights as included in the Passes.

119.     Plaintiff and the Class have been damaged as a direct and proximate result of Defendants' breach.

120.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**EIGHTH CAUSE OF ACTION**
**Strict Product Liability for Misrepresentation**
**(On Behalf of Plaintiff and the Class)**

121.     Plaintiff incorporates Paragraphs 1-51 as if fully set forth herein.

122.     Defendants were engaged in the business of selling flights and airline tickets.

123.     Defendants misrepresented the material fact that its Passes provided unlimited flights to those who purchased such Passes.

124.     This fact is material because it is the entire nature of the Passes themselves and Plaintiff would not have purchased the Pass had she known of the true nature of the Passes.

125.     Defendants' misrepresentations were made to the public at large and potential consumers through Defendants' advertising and marketing.

126.     Plaintiff was and is a person who reasonably expected to use the Passes as marketed by Defendants. This reasonability is based upon the fact that Plaintiff is a consuming member of the public who purchased the Pass relying on Defendants' marketing.

127.     It is reasonably foreseeably that Plaintiff would be harmed by Defendant's misrepresentation.

128.     Plaintiff suffered damages due to Defendants' misrepresentation.

129.     Due to Defendants' conduct, Plaintiff was damaged by Defendants in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price and has missed travel opportunities that she will never get back due to lost time and expenses.

130.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**NINTH CAUSE OF ACTION**
**Fraud**
**(On Behalf of Plaintiff and the Classes)**

131.    Plaintiff incorporates Paragraphs 1-51 as if fully set forth herein.

132.    Defendants made a fraudulent misrepresentation of material fact in that Defendants marketed, sold, and promised Plaintiff a Pass that would provide unlimited flights.

133.    This fact of the Pass providing unlimited flights is material as that was the entire purpose of the Pass and without such a promise, Plaintiff would not have purchased the Passes.

134.    Had Plaintiff known of the true inoperable and defective nature of the Passes, Plaintiff would not have purchased a Pass.

135.    Plaintiff relied on Defendants' misrepresentation in her purchase of the Pass.

136.    Plaintiff was justified in relying on this misrepresentation as the true nature of the Pass was not known to Plaintiff and Defendants promised a Pass that would provide unlimited flights.

137.    Plaintiff has suffered damages as a direct and proximate result of this justification as Plaintiff has lost out on her benefit of the bargain, lost funds stemming from her purchase price, has missed trips and other travel opportunities, has suffered emotional duress, and has been greatly inconvenienced by Defendants' inoperable passes.

138.    Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**TENTH CAUSE OF ACTION**
**Fraudulent Misrepresentation**
**(On Behalf of Plaintiff and the Class)**

139.    Plaintiff incorporates Paragraphs 1-51 by reference as if fully set forth herein.

140.    Defendants made a fraudulent misrepresentation of material fact in that Defendants stated that the Passes would provide unlimited flights.

141.    These Passes did not provide unlimited flights and this assertion of unlimited flights was the entire basis for Plaintiff's purchase.

142.    Plaintiff relied on the above misrepresentation as the promise of unlimited flights was the entire reason for her purchase of the Pass.

143.    Plaintiff was justified in relying upon the above misrepresentation that Defendant's Passes would provide unlimited flights.

144.    Plaintiff's reliance resulted in damages as Plaintiff would not have purchased, thus losing the money related to such purchase, the Pass.

145.    As a direct and proximate cause of Defendants' conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of her benefit of the bargain and loss of purchase price and has missed travel opportunities that she will never get back due to lost time and expenses.

146.    Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgement against Defendants as to each and every count, including:

A.  An order declaring this action to be a proper class action, appointing Plaintiff and her counsel to represent the Class/Sub-Class, and requiring Defendants to bear the costs of class notice;

B.  An order enjoining Defendants from selling the Passes;

C.  An order enjoining Defendants from suggesting or implying that the Passes are effective for their intended purpose of unlimited flights;

D.  An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief;

E.  An order awarding declaratory relief and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

F.  An order requiring Defendants to pay restitution/damages to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, plus pre- and post-judgment interest thereon;

G.  An order requiring Defendants to disgorge any ill-gotten benefits received from Plaintiff and members of the Class/Sub-Class as a result of any wrongful or unlawful act or practice;

H.  An order requiring Defendants to pay all actual and statutory damages permitted under the counts alleged herein;

I.  An order awarding attorneys' fees and costs to Plaintiff and the Class/Sub-Class; and

J.  An order providing for all other such equitable relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

*-Signature page to follow-*

Dated August 17th, 2023

Respectfully Submitted,
/s/ Blake G. Abbott
Blake G. Abbott (S.C. Bar No. 104423)
Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
**POULIN | WILLEY**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Email: blake.abbott@poulinwilley.com
        paul.doolittle@poulinwilley.com
        cmad@poulinwilley.com