IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02093-DDD

JERIYMA HARTSFIELD, individually and on behalf
of others similarly situated,

    Plaintiff,

v.

FRONTIER AIRLINES, INC., FRONTIER AIRLINES
HOLDING, INC., FRONTIER AIRLINES MANAGEMENT,
INC., and INDIGO PARTNERS, LLC,

    Defendants.

---

## DEFENDANTS' MOTION FOR LEAVE TO EXCEED THE WORD LIMITATION FOR THEIR MOTION TO COMPEL ARBITRATION AND TO DISMISS

---

Defendants Frontier Airlines, Inc. ("Frontier"), Frontier Airlines Holding, Inc. ("Frontier Holdings"), Frontier Airlines Management, Inc. ("Frontier Management") (collectively, the "Frontier Defendants") respectively move for leave to exceed the word limitation for their motion to compel arbitration of Plaintiffs' claims, and dismiss, pursuant to Fed. R. Civ. P. 12(b), the Class Action Complaint (hereinafter, the "Motion to Compel Arbitration and to Dismiss"), and state as follows:

> **CERTIFICATE OF CONFERRAL**
>
> Counsel for the Frontier Defendants have attempted to confer with counsel for Plaintiff. Plaintiff's counsel indicated that they likely will not oppose the relief requested herein but have not yet provided a definite response. As soon as Plaintiff's counsel provides its official position, the undersigned counsel will promptly notify the Court.

1. The Honorable Judge Domenico's practice standards ("Practice Standards") provide that, excluding motions filed under Fed. R. Civ. P. 56 and 65, motions shall not exceed 4,000 words. (*See* DDD Civ. P.S. Rule III(A)(1).) Further, if a "party elects to file more than one Rule 12(b) motion, the motions and response briefs shall not exceed 4,000 words total for all such motions/briefs (not each such motion/brief) filed by each party[.]" (*Id.*)

2. Rule III(A)(5) of the Practice Standards provides that a party may move to exceed the word limitation "explaining why additional words are necessary," and that any such motion shall be filed at least three business days prior to the deadline to file the underlying motion.

3. Here, Defendants' deadline to respond to the Complaint is November 10, 2023. Because November 10, 2023 is a federal holiday, the response is due November 13, 2023.

4. The Frontier Defendants respectfully move for an order from the Court permitting them to file their Motion to Compel Arbitration and to Dismiss with up to 2,000 additional words beyond the 4,000 word limit (*i.e.*, up to 6,000 words in total). There is good cause to exceed the word limitation.

5. Plaintiff filed this putative class action on or about August 17, 2023, seeking a declaratory judgment, injunctive relief, and damages relating to the alleged sale and use of an "All-You-Can-Fly Pass" ("Pass") that Plaintiff purchased for travel on Frontier Airlines, Inc. Plaintiff alleges that she was unable to book her travel with the Pass, and was denied a refund. She asserts ten causes of action against Defendants.

6. The Fronter Defendants' Motion to Compel Arbitration and to Dismiss will include, among other defenses, preemption defenses, a class action waiver, a mandatory arbitration clause, failure to state a claim under Fed. R. Civ. P. 12(b)(6) with respect to each of the ten causes of action, and insufficient service of process. The Motion will also set forth in detail the Terms and

1

Conditions that govern Plaintiffs' claims, and which are central to multiple of the defenses set forth above.

7. In addition, Defendant Indigo Partners LLC ("Indigo") intends to file by November 13, 2023 a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), (b)(5), and (b)(6), among other defenses.

8. On November 7, 2023, counsel for Defendants conferred by Zoom with Plaintiff's counsel regarding the Fronter Defendants' Motion to Compel Arbitration and to Dismiss, and Indigo's motion to dismiss, and discussed whether any asserted deficiencies are correctable by amendment.

9. Counsel were not able to reach a resolution during their conferral call, but have agreed to continue to confer tomorrow regarding the issues highlighted by Defendants' intended motions, in an effort to determine each side's position as to whether any asserted deficiencies are correctable by amendment, and whether Plaintiff will agree to discontinue her claims against the non-airline Defendants and/or dismiss certain claims.

10. Given that there are currently three Frontier Defendants, multiple substantial defenses, and ten causes of action to address in the dispositive motions (as discussed above), the Frontier Defendants request an additional 2,000 words for their Motion to Compel Arbitration and to Dismiss. Should counsel's conferral process noted above result in any of the Defendants or causes of action being dismissed, the requested additional word count may become unnecessary, in which case the Frontier Defendants will promptly notify the Court of the same.

WHEREFORE, the Frontier Defendants respectfully request that the Court allow them to have up to 6,000 words (2,000 more words than the 4,000 word minimum) for their opening Motion to Compel Arbitration and to Dismiss.

2

Respectfully submitted November 7, 2023.

                                                      */s/ Anna S. Day*
Anna S. Day, #50725
Holland & Knight LLP
1801 California Street, Suite 5000
Denver, Colorado 80202
Telephone: (303) 974-6660
Facsimile: (303) 974-6659
Email: anna.day@hklaw.com

*Attorney for Defendants*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of November, 2023, a true and correct copy of the foregoing was filed via CM/ECF and served electronically through CM/ECF on the following:

Blake Garrett Abbott
Paul J. Doolitte
Poulin Willey Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
803-222-2222
Email: blake@akimlawfirm.com
        paul.doolittle@poulinwilley.com

*Attorneys for Plaintiff*

                                      */s/ Anna S. Day*
                                      Anna S. Day