IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02093-RMR-KAS

JERIYMA HARTSFIELD, SIMON GEBRU, MARK GRAHAM,
DAKOTA HELM, MARLON GOSA, DOMINIQUE GUTIERREZ,
MISTY MCKINNEY, and CHRIS KLINE, individually and on behalf
of others similarly situated,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC., FRONTIER AIRLINES HOLDING,
INC., FRONTIER AIRLINES MANAGEMENT, INC., and INDIGO
PARTNERS, LLC,

    Defendants.

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR PRE-ANSWER MOTIONS

Defendants Frontier Airlines, Inc. ("Frontier"), Frontier Airlines Holding, Inc. ("Frontier Holding"), Frontier Airlines Management, Inc. ("Frontier Management") (collectively, the "Frontier Defendants"), together with Defendant Indigo Partners, LLC ("Indigo") (all collectively, "Defendants"), submit this motion to stay discovery pending the resolution of their motions to compel arbitration and dismiss Plaintiffs' Class Action Amended Complaint pursuant to Rule 12(b), and state as follows in support:

**CERTIFICATE OF CONFERRAL**

In accordance with Local Rule 7.1(a), Defendants' counsel conferred with Plaintiffs' counsel regarding Defendants' request to stay discovery pending resolution of their motions to compel arbitration and dismiss the Amended Complaint pursuant to Rule 12(b). Plaintiffs' counsel

advised that their clients oppose the relief requested herein.

## I. INTRODUCTION

In this putative class action, Plaintiffs seek a declaratory judgment, injunctive relief, and damages relating to the alleged sale and use of an "All-You-Can-Fly Pass" ("Pass") that Plaintiffs allegedly purchased for travel on Frontier Airlines, Inc. (Am. Compl., Doc. 27.) Plaintiffs allege that they were unable to book their travel with the Pass, and were denied a refund. (*Id.*) They assert ten causes of action against all Defendants. (*Id.*) Further, Plaintiffs seek certification of "[a]ll persons in the United States who purchased a . . . Pass sold by Defendants from 2020 to the Present," or in the alternative, all such persons in South Carolina. (*Id.* at ¶¶ 46-47.)

On January 9, 2024, the Frontier Defendants filed a Motion to Compel Arbitration and to Dismiss Class Action Complaint pursuant to Rule 12(b)(5) and (6) ("Frontier Motion"). (Doc. 30). If the Court grants the Frontier Motion, it will dispose of this matter entirely. The Frontier Motion sets forth multiple substantive grounds militating for dismissal, including, *inter alia*, that: (1) Plaintiffs entered a binding arbitration agreement with Frontier wherein Plaintiffs expressly agreed to arbitrate their claims and waived any right to bring this action on behalf of a putative class; (2) Plaintiffs' claims are preempted (and therefore barred) by federal law, including the Airline Deregulation Act; and (3) the Complaint otherwise fails to state any viable claim for relief against the Frontier Defendants.  Separately, on January 9, 2024, Indigo filed its Motion to Dismiss Class Action Complaint pursuant to Rule 12(b)(2) and (6) ("Indigo Motion"). (Doc. 31). There again, Indigo sets forth several substantive grounds requiring dismissal of Plaintiffs' claims against it, including, *inter alia*, that the Court lacks personal jurisdiction over Indigo, and, in the alternative, that Plaintiffs have failed to sufficiently allege any claim against Indigo.

The Frontier and Indigo Motions are well-founded in law and are case- and/or party-dispositive. As a result, allowing discovery, particularly, broad and costly class action discovery, while the Motions are pending will impose an unfair burden on Defendants and waste the Court's time and resources. Similarly, Defendants will be significantly burdened if they must proceed with discovery, including discovery concerning a putative nationwide class, before it is determined the forum that this case will proceed in (if at all) and whether Plaintiffs have waived their right to participate in a class action. On the other hand, any prejudice that would result to Plaintiffs from a brief stay of discovery to enable the Court to resolve the Motions would be, at best, minimal. Accordingly, the Court should, in its discretion, stay discovery pending its ruling on these Motions, thus avoiding unwarranted class-action discovery that will unnecessarily burden all parties hereto.

## II.     PROCEDURAL BACKGROUND

On November 29, 2023, Plaintiffs filed their Class Action Amended Complaint ("Amended Complaint") against the Frontier Defendants and Indigo, seeking declaratory and injunctive relief and refunds for allegedly selling Plaintiffs a "nonrefundable and inoperable" Pass. (Doc. 27 at ¶ 19.) The Frontier Defendants and Indigo filed their respective Motions on January 9, 2024. (Docs. 30-31). While discovery in this matter has not yet commenced, the parties' deadline to submit a proposed scheduling order is presently February 27, 2024. (Doc. 28.) The Scheduling Conference is currently set for March 5, 2024. (*Id.*)

## III.    ARGUMENTS

**A.    Legal Standard.**

The Federal Rules of Civil Procedure afford district courts with broad discretion to control the timing of discovery in order to protect a party from annoyance, oppression, or undue burden

3

or expense. Fed. R. Civ. P. 26(c)(1). When deciding whether to stay discovery, courts in this District consider the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *1-2 (D. Colo. Mar. 30, 2006) (granting stay to allow for ruling on motion to dismiss).

While stays of discovery are generally disfavored, courts have regularly granted such stays pending resolution of motions to compel arbitration in class actions, and motions to dismiss based on class action waivers, jurisdictional issues, and/or preemption grounds, all of which are at issue here. *See, e.g., Robertson v. REP Processing, LLC*, No. 19-CV-02910-PAB-NYW, 2020 WL 12630544, at *3 (D. Colo. Mar. 5, 2020) ("Courts in this District are more inclined to stay discovery pending the resolution of a Motion to Compel Arbitration, particularly where the underlying Arbitration Agreement prohibits class actions.") (citing line of cases); *Richan v. Ageiss, Inc.*, No. 22-CV-01060-NYW, 2022 WL 2643565, at *3 (D. Colo. July 7, 2022) (staying discovery pending resolution of motion to compel arbitration); *Bernal v. Burnett*, No. 10-CV-01917-PAB-KMT, 2010 WL 4792628, at *2 (D. Colo. Nov. 18, 2010) (staying discovery pending resolution of motion to compel arbitration in class action); *G.A. Resort Condo. Ass'n, Inc. v. ILG, LLC*, No. 19-CV-01870-RM-GPG, 2020 WL 5884684, at *2 (D. Colo. July 7, 2020) (staying discovery pending resolution of motion to dismiss for lack of personal jurisdiction); *WaterPik, Inc. v. H2oFloss*, No. 17-cv-02082-CMA-MJW, 2018 WL 11025770, at *1-2 (D. Colo. Mar. 8, 2018) (granting stay pending decision on jurisdictional motion to dismiss); *Dawson v. Continental Ins.*

4

*Co.*, No. 13-cv-03511-PAB-KMT, 2014 WL 1210285, at *2 (D. Colo. Mar. 24, 2014) (granting stay of discovery pending resolution of dispositive federal preemption motion); *see also Roman v. Spirit Airlines, Inc.*, 482 F. Supp. 3d 1304, 1311 (S.D. Fla. 2020) (holding that enforceability of class action waiver "should be resolved [at the pre-discovery stage] by way of a motion to dismiss").

**B.   A Stay of Discovery Pending the Outcome of the Motions to Dismiss Is Warranted Because, Among Other Things, It Will Reduce the Burden of Litigation on the Parties and the Court, and Plaintiffs Will Suffer No Prejudice From the Stay.**

In regards to the first *String Cheese* factor, a plaintiff generally has an interest in proceeding expeditiously in a case, but this interest does not warrant the denial of a motion to stay where, as here, the balance of the remaining factors weigh in favor a stay. *See e.g., Frederick v. Col-Terra Investments XIV*, No. 17-CV-00410-MSK-STV, 2017 WL 1908121, at *1 (D. Colo. May 10, 2017) (holding that a "[p]laintiff's general interest in proceeding expeditiously does not overcome" the remaining factors that support a stay). Plaintiffs also cannot articulate any "specific prejudice" by waiting for a decision on the Frontier and Indigo Motions before engaging in costly discovery. *See id; see also Grosvenor v. Qwest Communications Intern., Inc.*, No. 09-CV-02848-WDM-KMT, 2010 WL 1413108, *1 (D. Colo. April 1, 2010) ("Altogether, it is in both parties' interests to save expenses while the initial determination of whether this case is subject to arbitration is considered by the district court."); *Nardo v. Homeadvisor, Inc.,* No. 21-cv-1709-RM-KLM, 2022 WL 1198995, at *3 (D. Colo. Jan. 4, 2022) (holding that any prejudice to plaintiff as a result of a brief stay of discovery pending the ruling on the motion to compel arbitration "would be, at best, minimal").

The second factor also supports granting the requested stay because proceeding with class

action discovery will be a substantial burden on Defendants. Here, all Defendants have set forth multiple compelling grounds for dismissal of this action in its entirety. Further, Defendants will be significantly prejudiced if they are forced to proceed with broad and costly discovery concerning a putative nationwide class, before the Court determines the forum that this case will proceed in (if at all) and whether Plaintiffs have waived their right to participate in a class action. In circumstances like these, courts find the second favor weighs in favor of a stay. *See, e.g.*, *Nardo*, 2022 WL 1198995, at *3 (finding a significant burden on defendant to proceed with discovery in a putative nationwide class action case when motion to compel arbitration was pending, and noting that such discovery "may unnecessarily subject [it] to the very complexities, inconveniences and expenses of litigation that [it] determined to avoid through the arbitration process") (citations omitted); *Richan*, 2022 WL 2643565, at *3 ("[C]ourts have concluded that requiring a defendant to proceed with discovery while a motion to compel arbitration is pending may cause an undue burden on the defendant."); *G.A. Resort*, 2020 WL 5884684, at *2 ("Subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted.").[1]

---

[1] *See also Qwest*, 2010 WL 1413108, at *1 ("[T]he breadth of class action discovery implicated in this case if a stay were not granted would be a significantly elevated burden on Defendants."); *Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010) (finding that discovery in class action class was "likely to be significant[,]" imposing "more than the ordinary burdens of litigation[,]" and that "substantial portions of such discovery may ultimately be useless and a waste of the parties' time and resources if the arbitration agreement, which prohibited class actions, was enforced); completing discovery related to a potential class action would impose on Defendants more than the ordinary burdens of litigation; *Bernal*, 2010 WL 4792628, at *2 (same); *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, No. 20-CV-01855-DDD-NRN, 2020 WL 6565229, at *3 (D. Colo. Nov. 9, 2020) ("Given th[e] discrepancy in the discovery that would take place in this Court compared to the limited discovery likely to take place in arbitration, the Court believes that [Defendant] would suffer an unfair burden if discovery proceeds in the interim and the case is ultimately sent to arbitration.").

6

The third factor—convenience to the Court—also weighs in favor of a stay. Indeed, "[s]hould the Motion to Compel Arbitration be granted, this Court will have expended resources managing a complex class-action suit unnecessarily, significantly wasting judicial resources." *Bernal*, 2010 WL 4792628, at *2; *see also Nardo*, 2022 WL 1198995, at *4 (holding that absent a stay of discovery, "the Court may have to unnecessarily expend . . . resources managing discovery or get involved in the struggle over the substance of the suit at this time, when in fact this may not be the proper forum") (citations omitted); *i4 Grp.*, 2020 WL 6565229, at *3 ("[I]t is not convenient for the Court to conduct proceedings and issue orders that ultimately might have to be redone by an arbitrator if the case is dismissed in favor of arbitration."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (citing interest of judicial economy as reason to grant stay pending decision on motion to compel arbitration); *Richan*, 2022 WL 2643565, at *3 ("[A] stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed."); *Dawson* 2014 WL 1210285, at *2 (recognizing that it is "certainly more convenient for the Court to grant the stay of discovery until it is clear that the case will proceed").

As to the fourth factor—the interests of third parties—there are no third parties that would be prejudiced by a stay.

As to the fifth factor—the interest of the public—the general public interest weighs in favor of a stay because "there is a strong federal policy favoring arbitration for dispute resolution." *Nardo*, 2022 WL 1198995, at *4. "Allowing extensive discovery on claims in a broad complaint while the Court resolves a motion to compel arbitration could undermine that policy." *Id.*

Moreover, "the general public's primary interest in this case is an efficient and just resolution." *G.A. Resort*, 2020 WL 5884684, at *2. "Avoiding wasteful efforts and resources by the Court clearly serves this factor." *Nardo*, 2022 WL 1198995, at *4. Accordingly, this factor also weighs in favor of a stay.

As set forth above, stays of discovery are warranted where, as here, there is a pending motion to compel arbitration and the pending motions to dismiss include dispositive jurisdictional and preemption arguments and challenges to Plaintiffs' ability to bring a class action. Furthermore, courts in this District have recognized the efficiency of staying the substantial discovery associated with class-actions while dispositive motions to dismiss are pending. *See, e.g.*, *Schmaltz v. Smithkline Beecham Corp.*, No. 08-CV-00119-WDM-MEH, 2008 WL 3845260, at *1–2 (D. Colo. Aug. 15, 2008) (staying discovery where "significant discovery may be necessary for class claims that would otherwise be irrelevant"). For these reasons, and because the *String Cheese* factors also weigh in favor of a stay, the Court should grant Defendants' motion to stay discovery pending the outcome of the Frontier and Indigo Motions.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant the present Motion and stay all discovery pending resolution of their dispositive pre-answer motions.

Dated January 9, 2024

HOLLAND & KNIGHT LLP

*/s/ Anna S. Day*
Anna S. Day, #50725
1801 California Street, Suite 5000
Denver, Colorado 80202
Telephone: 303.974.6660

Facsimile:  303.974.6659
Email: anna.day@hklaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of January, 2024, a true and correct copy of the foregoing was filed via CM/ECF and served electronically through CM/ECF on the following:

Blake Garrett Abbott
Paul J. Doolitte
Poulin Willey Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
Email: blake@akimlawfirm.com
       paul.doolittle@poulinwilley.com

*Attorneys for Plaintiffs*

                                        */s/ Anna S. Day*
                                        Anna S. Day