IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02093-RMR-KAS

JERIYMA HARTSFIELD, SIMON GEBRU, MARK GRAHAM,
DAKOTA HELM, MARLON GOSA, DOMINIQUE GUTIERREZ,
MISTY MCKINNEY, and CHRIS KLINE, individually and on behalf
of others similarly situated,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC., FRONTIER AIRLINES HOLDING,
INC., FRONTIER AIRLINES MANAGEMENT, INC., and INDIGO
PARTNERS, LLC,

    Defendants.

**FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS PRE-ANSWER MOTION**

Defendant Frontier Airlines, Inc. ("Frontier") submits this reply in support of its motion to stay discovery pending the resolution of its motion to compel arbitration and dismiss Plaintiffs' Class Action Amended Complaint pursuant to Rule 12(b)(5) and (6) ("Motion"), and states as follows in support:

### I.    INTRODUCTION

Plaintiffs largely rest their opposition to Frontier's Motion ("Response," Doc. 43) on two erroneous premises. First, they argue that a stay of discovery pending resolution of Frontier's motion to compel arbitration and dismiss pursuant to Rule 12(b) ("Motion to Dismiss") could result in a decrease in evidentiary quality and witness availability. However, courts within this

district have expressly rejected this very assertion as a consideration for deciding a motion to stay, because it represents a generalized concern that applies in every case in which a stay is sought. Plaintiffs, instead, must identify specific prejudice arising from the imposition of a stay. They have not, and cannot, do so here. Indeed, there is no danger that discoverable documents or information would become stale or adversely impacted while the parties await the Court's decision on the Motion to Dismiss, because Plaintiffs allege that the events giving rise to their claims are ongoing and began, at the earliest, approximately a year ago.

Second, Plaintiffs contend that defendants are always burdened when they are sued and engage in discovery, and, therefore, Frontier will not be substantially burdened by engaging in discovery pending the ruling on its Motion to Dismiss. In so arguing, Plaintiffs ignore the nature of this putative nationwide class action case and the grounds for dismissal in Frontier's Motion to Dismiss, including that Plaintiffs must arbitrate their claims, they waived any right to bring a class action, and their claims are preempted by federal law. As courts within this district have held, it is these critical facts that promise expensive and substantially burdensome class action discovery in the absence of the requested stay. Such discovery will ultimately have been a waste if the arbitration agreement and class action waiver are enforced, or Frontier otherwise prevails on its Motion to Dismiss.

Plaintiffs' other arguments in opposition similarly fail to refute Frontier's showing that each of the *String Cheese Incident* factors strongly weighs in favor of a stay. For these reasons, and those set forth in the Motion and below, the Court should stay discovery pending the ruling on Frontier's Motion to Dismiss.

## II. ARGUMENTS

Plaintiffs fail to articulate any "specific prejudice" by waiting for a decision on the Motion to Dismiss before engaging in discovery. *Frederick v. Col-Terra Investments XIV*, No. 17-CV-00410-MSK-STV, 2017 WL 1908121, at *1 (D. Colo. May 10, 2017). Rather, Plaintiffs only vaguely assert that the stay "could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability," including "stale or missing evidence, unavailable and destroyed documents, [and] increasingly unavailable or uninformed witnesses." Resp. at 13. Courts within this district have rejected this precise argument, holding that a plaintiff's concern that "witnesses' memories may fade" or other evidence may be impacted by a stay is "a generalized concern that applies in every case in which a stay is sought," and is not a basis for finding that a stay of discovery would prejudice plaintiff. *McGettigan v. Di Mare*, No. 15-CV-00097-PAB-KLM, 2015 WL 3636582, at *3 (D. Colo. June 11, 2015); *see also Est. of George by & through George v. City of Rifle, Colorado*, No. 20-CV-00522-CMA-GPG, 2020 WL 13825346, at *2 (D. Colo. Nov. 6, 2020) (same).[1]

Instead, Plaintiffs must offer specific information "to support the[ir] conclusion that witness testimony or other evidence *in this case* may be impacted by a stay." *McGettigan*, 2015 WL 3636582, at *3 (emphasis in original). They have not made such a showing, nor can they. Not only is this case in its early stages, but Plaintiffs allege in their Amended Complaint that the earliest date any of them purchased the Pass was November 2022, (Am. Comp., Doc. 27, ¶¶ 15, 20-23 25), and they contend that the events giving rise to their claims, including the sale of the Passes, "is

---

[1] *See also USIC Locating Servs., LLC v. Project Res. Grp., Inc.*, No. 21-CV-02785-PAB-MEH, 2022 WL 1212781, at *2 (D. Colo. Feb. 2, 2022) (same); *Chapman v. Fed. Bureau of Prisons*, No. 15-CV-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (same).

still happening," (Resp. at 13). Thus, there is no danger that discoverable documents or information would become stale or adversely impacted while the parties await the Court's decision on the Motion to Dismiss. Because Plaintiffs have not identified any particular prejudice they might suffer from the requested stay, the first factor is neutral at best. *See, e.g.*, *id.*; *Barrington v. United Airlines, Inc.*, 565 F. Supp. 3d 1213, 1217 (D. Colo. 2021) (finding the first factor to be neutral where the plaintiff identified no specific prejudice arising from the imposition of a stay).

Further, the two cases that Plaintiffs rely on to argue that "discovery becomes more difficult with the passage of time" bear no relevance to this case. Unlike here, neither of Plaintiffs' cited cases involved a motion to compel arbitration or motion to dismiss based on threshold preemption issues or class action waiver. *See Jackson v. Denver Water Bd.*, No. 08-CV-01984-MSK-MEH, 2008 WL 5233787, at *1 (D. Colo. Dec. 15, 2008); *Sattar v. Holder*, No. 07-CV-02698-WDM-KLM, 2011 WL 2415738, at *1-3 (D. Colo. June 16, 2011). Given these important and dispositive issues raised in Frontier's Motion to Dismiss, "[i]t is in **both** parties' interests to save expenses while" the Court makes the initial determination of "whether this case is subject to arbitration," a class action waiver, and/or federal preemption. *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. 09-CV-02848-WDM-KMT, 2010 WL 1413108, *1 (D. Colo. April 1, 2010) (emphasis added). *See also Est. of George*, 2020 WL 13825346, at *2 (finding the first factor weighed in favor of a stay because the motion to dismiss involved a threshold question of immunity). For these reasons, the first factor counsels in favor of a stay.

With respect to the second factor, Frontier demonstrated that it will be substantially burdened if it must proceed with class action discovery concerning a putative nationwide class before the Court determines whether the claims must be arbitrated or dismissed, and whether

4

Plaintiffs have waived their right to participate in a class action. In similar circumstances, courts have found that the defendant will face a signficant burden absent the requested stay of discovery. *See, e.g.*, *Nardo v. Homeadvisor, Inc.*, No. 21-cv-1709-RM-KLM, 2022 WL 1198995, at *3 (D. Colo. Jan. 4, 2022) (finding a significant burden on defendant to proceed with discovery in a putative nationwide class action case when motion to compel arbitration was pending); *Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010) (finding that discovery in class action was "likely to be significant[,]" imposing "more than the ordinary burdens of litigation[,]" and that "substantial portions of such discovery may ultimately be useless and a waste of the parties' time and resources" if the arbitration agreement, which contained a class action waiver, was enforced); *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, No. 20-CV-01855-DDD-NRN, 2020 WL 6565229, at *3 (D. Colo. Nov. 9, 2020) (holding that defendant would suffer an unfair burden if discovery proceeded and the case was ultimately sent to arbitration, given the "discrepancy in the discovery that would take place in this Court compared to the limited discovery likely to take place in arbitration"). *See also* Mot. at 6. n.1 (discussing additional cases).

Plaintiffs argue in response that defendants are "always burdened when they are sued," and the mere "fact that discovery is 'burdensome' is not a sufficient reason to grant a motion to stay discovery." Resp. at 14. However, Plaintiffs ignore the critical facts that will make discovery ***unduly*** burdensome for Frontier if the Court does not grant the requested stay—this is a putative nationwide class action case, Plaintiffs must arbitrate their claims, they waived any right to bring a class action, and their claims are preempted by federal law. As discussed above, the relevant case law plainly establishes that, absent a stay, any one of these facts would make discovery unduly

5

burdensome for defendant. Indeed, the single case that Plaintiffs rely on to support their assertion that the second factor does not weigh in favor of a stay, *Chavez v. Young Am. Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973 (D. Colo. Mar. 2, 2007), is inapposite. Unlike here, *Chavez* involved a meritless motion to dismiss a putative class action under Rule 12(b)(6), which the court noted appeared likely to fail on its face; and the case did not involve an arbitration clause, class action waiver, or threshold preemption issues. *Id.* at *1, 2 n.1.

Contrary to Plaintiffs' assertions, the third *String Cheese Incident* factor—convenience to the Court—also weighs in favor of a stay. Plaintiffs argue that "it is unlikely that Defendant's pending motions will fully dispose of all of Plaintiff's claims or class allegations," and, therefore, this factor, weighs against a stay. Resp. at 17. They cite to nothing in support of this assertion, and, in fact, Frontier has presented compelling reasons in its Motion to Dismiss as to why Plaintiffs must arbitrate all of their claims, they waived any right to bring a class action, and their claims must otherwise be dismissed.

In any event, the controlling inquiry for the third factor is not, as Plaintiffs contend, inconvenience to the court based on whether Frontier will prevail on its Motion to Dismiss. The question, instead, is whether "the Court may have to unnecessarily expend . . . resources managing discovery or get involved in the struggle over the substance of the suit at this time, when in fact this ***may*** not be the proper forum" or the Motion to Dismiss may otherwise be granted. *Nardo*, 2022 WL 1198995, at *4 (emphasis added). *See also i4 Grp.*, 2020 WL 6565229, at *3 ("[I]t is not convenient for the Court to conduct proceedings and issue orders that ultimately might have to be redone by an arbitrator if the case is dismissed in favor of arbitration."); *Dawson v. Continental Ins. Co.*, No. 13-cv-03511-PAB-KMT, 2014 WL 1210285, at *2 (D. Colo. Mar. 24, 2014) ("It is

6

certainly more convenient for the Court to grant the stay of discovery [pending resolution of the dispositive federal preemption motion] until it is clear that the case will proceed."). Here, given the nature of the case and the bases of Frontier's Motion to Dismiss, the Court will clearly have expended resources managing a complex class-action suit unnecessarily and thereby significantly wasted judicial resources if the Motion to Dismiss is later granted.[2]

As to the fourth factor, Frontier and Plaintiffs agree that there are no third parties that would be impacted one way or another by the stay. Resp. at 15. With respect to the fifth factor, Plaintiffs incorrectly assert that Fronter "cannot identify any specific . . . public interests that would be benefitted by a stay." *Id.* As Frontier explained in its Motion, "there is a strong federal policy favoring arbitration for dispute resolution," and "[a]llowing extensive discovery on claims in a broad complaint while the Court resolves a motion to compel arbitration could undermine that policy." *Nardo*, 2022 WL 1198995, at *4. Further, "[a]voiding wasteful efforts and resources by the Court clearly serves" the general public's general interest in the case of "an efficient and just resolution." *Id.* This factor, therefore, also weighs in favor of a stay.

### III. CONCLUSION

For the foregoing reasons and those set forth in its Motion, Frontier requests that the Court grant the Motion and stay all discovery pending resolution of its dispositive pre-answer motion.

Dated March 12, 2024

---

[2] Plaintiffs rely on *Lester v. Gene Exp., Inc.*, No. 09-CV-02648-REB-KLM, 2010 WL 743555 (D. Colo. Mar. 2, 2010) to argue that "[c]ourts are generally inconvenienced by stays in discovery because they disrupt the docket and create scheduling uncertainty." Resp. at 15. Plaintiffs' reliance on this case is misplaced. *Lester* did not involve a putative class action case, a class action waiver, or the threshold issue of federal preemption. *Id.* In fact, the court noted in *Lester* that discovery should not proceed in a case pending resolution of threshold issues. *Id.* at *1.

HOLLAND & KNIGHT LLP

*/s/ Anna S. Day*
Anna S. Day, #50725
1801 California Street, Suite 5000
Denver, Colorado 80202
Telephone:  303.974.6660
Facsimile:  303.974.6659
Email: anna.day@hklaw.com

*Attorney for Defendant Frontier Airlines, Inc.*

8

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 12th day of March, 2024, a true and correct copy of the foregoing was filed via CM/ECF and served electronically through CM/ECF on the following:

Blake Garrett Abbott
Paul J. Doolitte
Poulin Willey Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
Email: blake@akimlawfirm.com
         paul.doolittle@poulinwilley.com

*Attorneys for Plaintiffs*

                                                      */s/ Anna S. Day*
                                                      Anna S. Day