IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02093-RMR-KAS

JERIYMA HARTSFIELD, SIMON GEBRU, MARK
GRAHAM, DAKOTA HELM, MARLON GOSA,
DOMINQUE GUTIERREZ, MISTY MCKINNEY, and
CHRIS KLINE, individually and on behalf of all others
similarly situated,

     Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

     Defendant.

---

## PROPOSED SCHEDULING ORDER

---

     Plaintiffs JERIYMA HARTSFIELD, SIMON GEBRU, MARK GRAHAM, DAKOTA

HELM, MARLON GOSA, DOMINQUE GUTIERREZ, MISTY MCKINNEY, and CHRIS

KLINE (collectively "Plaintiffs"), and Defendant FRONTIER AIRLINES, INC. ("Frontier"

or "Defendant")[1] jointly propose the following Scheduling Order:

### 1. DATE OF CONFERENCE AND APPEARANCES OF
### COUNSEL AND PRO SE PARTIES

<u>Date of Conference:</u> March 20, 2024 at 10:30 a.m. in Courtroom C-204 of the Byron G.

Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.  Counsel for

Plaintiffs respectfully request the ability to attend the Scheduling Conference remotely.

<u>Appearances of Counsel and Pro Se Parties:</u>

---

[1] Plaintiffs dismissed their claims with prejudice against Defendants Frontier Airlines Holdings, Inc., Frontier Airlines Management, Inc., and Indigo Partners, LLC.  Doc. 37.

1

| Counsel for Plaintiffs: | Counsel for Defendant: |
|---|---|
| **POULIN \| WILLEY \| ANASTOPOULO, LLC** | **HOLLAND & KNIGHT LLP** |
| Paul Doolittle, Esquire | Anna S. Day, #50725 |
| 32 Ann Street Charleston, SC 29403 | 1801 California Street, Suite 5000 |
| Telephone: (803) 222-2222 | Denver, Colorado 80202 |
| Email: paul.doolittle@poulinwilley.com | Telephone: 303.974.6660 |
| | Facsimile: 303.974.6659 |
| | Email: anna.day@hklaw.com |

## 2.  STATEMENT OF JURISDICTION

### a.        Plaintiffs:

This Court has jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"),  28 U.S.C. § 1332(d), because this is a class action in which (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) there are members of the Class who are diverse from Defendant, and (3) the class is so numerous that joinder of all individual class members is impracticable. This Court has jurisdiction over Defendant Frontier because Frontier has its principal place of business located in this judicial district or are registered to do business within this district.

### b.  Defendant:

Frontier does not dispute that the invocation of CAFA provides the Court with subject matter jurisdiction.  However, Frontier contends that Plaintiffs waived their right to assert a class action and further disputes that this case is appropriate for class action treatment.   Frontier contends that if the class is not certified, Plaintiffs' respective individual claims do not meet the threshold for diversity jurisdiction.  Frontier also does not dispute that the Court has personal jurisdiction over Frontier.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiffs:

Plaintiffs brought this class action lawsuit, on behalf of themselves and all others

2

similarly situated, who were damaged as a result of purchasing Defendant Frontier's deceptive, fraudulent, and false "GoWild! All-You-Can-Fly-Pass." Plaintiffs have asserted claims for (1) Negligence, (2) Negligent Misrepresentation, (3) Unjust Enrichment, (4) Breach of Express Warranty, (5) Breach of Implied Warranty of Fitness for A Particular Purpose, (6) Breach of Implied Warranty of Merchantability, (7) Breach of Contract, (8) Strict Product Liability for Misrepresentation, (9) Fraud, (10) Fraudulent Misrepresentation.

   **b. Defendant:**

   The deadline for Frontier to file its answer and affirmative defenses as a matter of law has not yet been determined.  Without waiving its right to file a responsive pleading in the time and manner prescribed by law, Frontier states as follows:

   This action arises from Plaintiffs' enrollment in Frontier's GoWild! Pass Program (the "Pass Program"), which gives a passholder the ability to book a ticket at an airfare of $0.01 on select flights operated by Frontier with their GoWild! Pass. Plaintiffs' claims are based on their alleged inability to book flights under the Pass Program.  Under the Terms and Conditions ("T&C") that govern the Pass Program, however, Plaintiffs expressly agreed to arbitrate their claims and waived any right to bring this action on behalf of a putative class.

   Moreover, Plaintiffs' claims are expressly preempted by the Airline Deregulation Act ("ADA"), which bars state law claims that relate to an airline's "price, route or service." 49 U.S.C. § 41713.  Here, Plaintiffs' state law claims arise from their participation in a customer loyalty program that implicates Frontier's prices, routes, and services because the Pass is used to allow access to available flights at discounted rates.  Plaintiffs' claims

also fall within the exclusive purview of the U.S. Department of Transportation's enforcement authority over alleged unfair and deceptive practices by air carriers.

Further, the Amended Complaint fails to state any viable claim against Frontier for the reasons set forth in Frontier's pending Motion to Dismiss (as defined below). Frontier will also challenge class certification.  In the event the Court does not compel arbitration or find waiver of Plaintiffs' right to assert a class, Frontier will also challenge class certification.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.  Defendant Frontier Airlines, Inc. is a Colorado-based airline, with its principal place of business at 4545 Airport Way, Denver, CO 80239.

### 5.  COMPUTATION OF DAMAGES

#### a.  Plaintiffs:

Based upon the information currently known to Plaintiffs, and subject to the right to supplement with additional information and expert analysis, Plaintiffs state that they seek on behalf of themselves and on behalf of the proposed class economic and non-economic damages as a result of Defendant's misrepresentations regarding the "GoWild! All-You-Can-Fly-Pass." Plaintiffs are unable to reasonably calculate a more precise damages amount until records that are solely in the possession, custody, or control of Defendant are produced. Plaintiffs reserve the right to supplement this response with a damage model at an appropriate time when discovery has been completed.

**b. Defendant:**

N/A.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting:**

March 11, 2024 (by email) and March 13, 2024 (by telephone and email).

**b. Names of each participant and party he/she represented:**

Paul Doolittle on behalf of Plaintiffs and Anna Day on behalf of Frontier.

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

**Plaintiffs:** Rule 26(a)(1) disclosures will be made in accordance with the Federal Rules of Civil Procedure, 14 days following the 26(f) Conference.

**Defendant:** For the reasons set forth in Frontier's pending Motion to Stay Discovery Pending Resolution of Its Pre-Answer Motion ("Motion to Stay Discovery," Doc. 32), Frontier respectfully submits that all disclosures and discovery should be stayed pending the Court's ruling on Frontier's Motion to Compel Arbitration and Dismiss Class Action Complaint Pursuant to Rule 12(b)(6) ("Motion to Dismiss," Doc. 30). If the Court decides not to stay discovery pending the outcome of Frontier's Motion to Dismiss, Rule 26(a)(1) disclosures will be made forty-five (45) days following the 26(f) Conference.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

**Plaintiffs:** None.

**Defendants:** See Section 6(c) above.

**e.  Statement concerning any agreements to conduct informal discovery:**

The parties do not have any agreements to conduct informal discovery.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties do not have any such agreements at this time.

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

**Plaintiffs:** Plaintiffs believe that there will be an extensive involvement of ESI in this putative class action but is unable to identify the amount at this point as such discoverable information is in the sole possession of Defendant.

**Defendant:** The parties will need to further confer on this issue so that Fronter may understand the potential scope of discovery Plaintiffs intend to pursue in the case, but at this juncture, Frontier does not believe that discovery will involve extensive ESI or a substantial amount of records maintained in electronic form.

**h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

**Plaintiffs:** Plaintiffs believe that at least some discovery may be needed before the prospect of settlement can be fully evaluated. However, Plaintiffs are amenable to discussing the possibility of settlement, the way the case may be positioned for productive settlement discussions, and the most appropriate timing for such discussions.

**Defendant:** The parties have not yet engaged in discussions regarding the

6

possibility of promptly settling or resolving the case.  Because the Plaintiffs waived the right to bring a class action (as set forth in Frontier's Motion to Dismiss), Frontier believes that any settlement discussions should be on an individual Plaintiff basis.

## 7.  CONSENT

The parties do not consent to the exercise of jurisdiction of a magistrate judge in this matter.

## 8.  DISCOVERY LIMITATIONS

### a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**Plaintiffs:** Plaintiffs agree to a limit of ten (10) depositions per side and will follow the requirements of Fed. R. Civ. P. 30(a) except as expressly stated otherwise in § 8b below. Plaintiffs agree to the presumptive limit of twenty-five (25) written interrogatories, including discrete subparts, per side per Fed. R. Civ. P. 33(a)(1).

**Defendant:** Frontier seeks to take up to fifteen (15) depositions.  This includes the depositions of each of the eight Plaintiffs, Plaintiffs' designated experts, and other fact witnesses.  With this exception, Frontier otherwise agrees to Plaintiffs' proposal in Section 8(a) herein.

### b.  Limitations which any party proposes on the length of depositions.

**Plaintiffs:** Plaintiffs agree to the time limits of one day of seven (7) hours as set forth in Fed. R. Civ. P. 30(d)(1) for up to ten (10) depositions per side (including the (30(b)(6) deposition) as well as any expert witness depositions. Plaintiffs agree to attempt to shorten the length of depositions where possible.

**Defendant:** Frontier seeks to take up to fifteen depositions, as noted above.  With this exception, Frontier otherwise agrees to Plaintiffs' proposal in Section 8(b) herein.

c.  **Limitations which any party proposes on the number of requests for production and/or requests for admission**.

    The parties do not propose to limit the number of requests for production or requests for admission.

d.  **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions**:

    45 days prior to the close of discovery.

e.  **Other Planning or Discovery Orders**

All discovery motions shall be made in compliance with the Practice Standards of this Court.

**Plaintiffs:**

| | |
|---|---|
| Deadline to submit a protective order: | April 19, 2024 |
| Agreed ESI Discovery protocol due: | April 19, 2024 |
| Motion for Class Certification: | March 28, 2025 |
| Response to Motion for Class Certification: | April 28, 2025 |
| Reply in further support of Class Certification: | May 16, 2025 |

**Defendant:**

If the Court decides not to stay discovery pending the outcome of Frontier's Motion to Dismiss, Frontier proposes the following deadlines:

| | |
|---|---|
| Deadline to submit a protective order: | April 19, 2024 |
| Agreed ESI Discovery protocol due: | April 19, 2024 |
| Motion for Class Certification: | February 28, 2025 |
| Response to Motion for Class Certification: | March 28, 2025 |
| Reply in further support of Class Certification: | April 16, 2025 |

### 9.  CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

**Plaintiff:**    April 30, 2024

**Defendant:** If the Court decides not to stay discovery pending the outcome of Frontier's Motion to Dismiss, Frontier agrees to Plaintiffs' proposed deadline for the joinder of parties and amendment of pleadings.

b.  Discovery Cut-off:

**Plaintiff:**    February 28, 2025. Plaintiffs do not agree to bifurcate discovery. Plaintiffs believe that bifurcated discovery will result in duplication of efforts, a waste of judicial resources, and would delay this case.

**Defendant:** If the Court decides not to stay discovery pending the outcome of Frontier's Motion to Dismiss, Frontier proposes a discovery cut-off deadline of March 28, 2025.  In addition, Frontier proposes bifurcated discovery, with the first phase focused on the merits of Plaintiffs' individual claims, concluding on October 7, 2024. The second phase will be focused on the prerequisites for class certification and the merits of the class-wide claims.

c.  Dispositive Motion Deadline:

**Plaintiff:**    July 1, 2025

**Defendant:** If the Court decides not to stay discovery pending the outcome of Frontier's Motion to Dismiss, Frontier proposes a dispositive motion deadline of June 16, 2025.

d.  Expert Witness Disclosure:

1.  The parties shall identify anticipated fields of expert testimony, if any.

    **For Plaintiffs:** Statistical and economic research experts and any other such expert that may become necessary during the development of the case.

    **For Defendant:** Frontier has not yet identified expert witnesses. The subject matter and field of expertise that may be offered is expected to include an expert in the area of airline customer loyalty programs, and any experts to rebut any of Plaintiffs' experts.

2.  Limitations which the parties propose on the use or number of expert witnesses.

    The parties agree to limit the number of expert witnesses to no more than five (5) per side. It is premature at this point to determine the number of experts required to prosecute or defend the litigation, although at this time, the parties do not anticipate more than five (5) per side.

3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

    **Plaintiff:** April 1, 2025

    **Defendant:** If the Court decides not to stay discovery pending the outcome of Frontier's Motion to Dismiss, Frontier proposes an affirmative expert disclosure deadline of December 30, 2024.

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

    **Plaintiff:** May 30, 2025

    **Defendant:** If the Court decides not to stay discovery pending the outcome of Frontier's Motion to Dismiss, Frontier proposes a rebuttal expert disclosure

deadline of <u>February 14, 2025</u>.

e.  Identification of Persons to Be Deposed:

**Plaintiff:** Plaintiffs anticipate taking 30(b)(6) depositions of corporate representative(s). Plaintiffs also anticipate taking the deposition individuals responsible for the design of the allegedly false, misleading, deceptive, and defective "GoWild! All-You-Can-Fly-Pass", individuals responsible for crafting any advertisements for the "GoWild! All-You-Can-Fly-Pass.", and any other such witnesses that may reveal themselves as required throughout the duration of the litigation.

**Defendant:** Frontier anticipates taking the deposition of each of the eight Plaintiffs, Plaintiffs' designated experts, and other fact witnesses.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times:

_____ at __:__ a.m. / p.m..

b.  A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

11

Plaintiffs do not agree to the relief requested in Frontier's pending Motion to Stay Discovery.

b.  Anticipated length of trial and whether trial is to the court or jury.

**Plaintiffs:** Plaintiffs request a Jury trial and expect it to last one week.

**Defendant:** Frontier anticipates that the trial will last ten (10) days. Frontier challenges Plaintiffs' asserted right to a jury trial because Plaintiffs expressly agreed to arbitrate their claims, as set forth in the Motion to Dismiss. Frontier reserves it right to further challenge Plaintiffs' request for a jury trial.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| Counsel for Plaintiffs: | Counsel for Defendant: |
|---|---|
| **POULIN \| WILLEY \| ANASTOPOULO, LLC**<br>*/s/ Paul Doolittle*<br>Paul Doolittle, Esquire<br>32 Ann Street Charleston, SC 29403<br>Telephone: (803) 222-2222<br>Email: paul.doolittle@poulinwilley.com | **HOLLAND & KNIGHT LLP**<br>*/s/ Anna S. Day*<br>Anna S. Day, #50725<br>1801 California Street, Suite 5000<br>Denver, Colorado 80202<br>Telephone: 303.974.6660<br>Facsimile: 303.974.6659<br>Email: anna.day@hklaw.com |