ALLMTN,APPEAL,JD1,MJ CIV PP,STAYDI,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–02093–RMR–KAS</u>

Hartsfield v. Frontier Airlines, Inc. et al
Assigned to: Judge Regina M. Rodriguez
Referred to: Magistrate Judge Kathryn A. Starnella
Cause: 28:1332 Diversity–Other Contract

Date Filed: 08/17/2023
Date Terminated: 07/01/2024
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Jeriyma Hartsfield**                    represented by    **Paul J. Doolittle**
Poulin Willey Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
843–834–4712
Email: paul.doolittle@poulinwilley.com
*ATTORNEY TO BE NOTICED*

**Blake Garrett Abbott**
Copeland Stair Valz & Lovell LLP
40 Calhoun Street
Suite 400
Charleston, SC 29401
843–727–0307
Email: babbott@csvl.law
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Simon Gebru**                    represented by    **Blake Garrett Abbott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul J. Doolittle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Graham**                    represented by    **Blake Garrett Abbott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul J. Doolittle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dakota Helm**                    represented by

**Blake Garrett Abbott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul J. Doolittle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marlon Gosa**                                    represented by     **Blake Garrett Abbott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul J. Doolittle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dominique Gutierrez**                            represented by     **Blake Garrett Abbott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul J. Doolittle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Misty McKinney**                                 represented by     **Blake Garrett Abbott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul J. Doolittle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chris Kline**                                    represented by     **Blake Garrett Abbott**
*individually and on behalf of others*                                (See above for address)
*similarly situated*                                                  *ATTORNEY TO BE NOTICED*

**Paul J. Doolittle**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Frontier Airlines, Inc.**                        represented by     **Anna S. Day**
Holland & Knight LLP

2

1801 California Street
Suite 5000
Denver, CO 80202
303–974–6545
Fax: 303–974–6659
Email: anna.day@hklaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frontier Airlines Holding, Inc.**          represented by   **Anna S. Day**
*TERMINATED: 01/26/2024*                                       (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Frontier Airlines Management, Inc.**       represented by   **Anna S. Day**
*TERMINATED: 01/26/2024*                                       (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Indigo Partners, LLC**                     represented by   **Anna S. Day**
*TERMINATED: 01/26/2024*                                       (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2023 | 1 | COMPLAINT against Frontier Airlines Holding, Inc., Frontier Airlines Management, Inc., Frontier Airlines, Inc., Indigo Partners, LLC (Filing fee $ 402,Receipt Number ACODC–9250405)Attorney Blake Garrett Abbott added to party Jeriyma Hartsfield(pty:pla), filed by Jeriyma Hartsfield. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(Abbott, Blake) (Entered: 08/17/2023) |
| 08/17/2023 | 2 | Case assigned to Magistrate Judge Kathryn A. Starnella. Text Only Entry. (jcharl, ) (Entered: 08/17/2023) |
| 08/17/2023 | 3 | SUMMONS issued by Clerk. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Magistrate Judge Consent Form) (jcharl, ) (Entered: 08/17/2023) |
| 08/24/2023 | 4 | SUMMONS Returned Executed by Jeriyma Hartsfield. Frontier Airlines, Inc. served on 8/21/2023, answer due 9/11/2023. (Abbott, Blake) (Entered: 08/24/2023) |
| 08/24/2023 | 5 | SUMMONS Returned Executed by Jeriyma Hartsfield. Indigo Partners, LLC served on 8/23/2023, answer due 9/13/2023. (Abbott, Blake) (Entered: 08/24/2023) |
| 08/24/2023 | 6 | SUMMONS Returned Executed by Jeriyma Hartsfield. Frontier Airlines Holding, Inc. served on 8/21/2023, answer due 9/11/2023. (Abbott, Blake) (Entered: 08/24/2023) |
| 08/24/2023 | 7 | SUMMONS Returned Executed by Jeriyma Hartsfield. Frontier Airlines Management, Inc. served on 8/21/2023, answer due 9/11/2023. (Abbott, Blake) (Entered: 08/24/2023) |
| 09/06/2023 | 8 | MOTION for Extension of Time to File Answer or Otherwise Respond re 1 |

|  |  |  |
|---|---|---|
|  |  | Complaint, by Defendants Frontier Airlines Holding, Inc., Frontier Airlines Management, Inc., Frontier Airlines, Inc., Indigo Partners, LLC. (Day, Anna) (Entered: 09/06/2023) |
| 09/06/2023 | 9 | ORDER SETTING SCHEDULING/PLANNING CONFERENCE by Magistrate Judge Kathryn A. Starnella on 6 September 2023. Proposed Scheduling Order due 10/17/2023. Scheduling Conference set for 10/24/2023 10:00 AM in Courtroom C204 before Magistrate Judge Kathryn A. Starnella. (Attachments: # 1 Continuation of Main Document, # 2 Continuation of Main Document) (cmadr, ) (Entered: 09/07/2023) |
| 09/12/2023 | 10 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 12 September 2023. IT IS HEREBY ORDERED that the Defendants' Motion for Extension of Time to Answer or Otherwise Respond to Complaint 8 is GRANTED. Defendant has up to and including **November 10, 2023,** to answer or otherwise respond to Plaintiff's Complaint.(cmadr, ) (Entered: 09/13/2023) |
| 09/28/2023 | 11 | NOTICE of Entry of Appearance by Paul J. Doolittle on behalf of Jeriyma HartsfieldAttorney Paul J. Doolittle added to party Jeriyma Hartsfield(pty:pla) (Doolittle, Paul) (Entered: 09/28/2023) |
| 10/06/2023 | 12 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Jeriyma Hartsfield All parties do not consent.. (Abbott, Blake) (Entered: 10/06/2023) |
| 10/06/2023 | 13 | Unopposed MOTION to Continue *the Scheduling Conference and Associated Deadlines* by Defendants Frontier Airlines Holding, Inc., Frontier Airlines Management, Inc., Frontier Airlines, Inc., Indigo Partners, LLC. (Day, Anna) (Entered: 10/06/2023) |
| 10/10/2023 | 14 | MINUTE ORDER. This matter is before the Court on the Election Concerning Consent/Non–Consent to United States Magistrate Judge Jurisdiction [#12] (the Consent/Non–Consent Form). This case was assigned to a United States Magistrate Judge pursuant to D.C.COLO.LCivR 40.1(c). The signed Consent–Non–Consent Form [#12] indicates that at least one party has declined to consent. Accordingly, this case shall be assigned to a District Judge under D.C.COLO.LCivR 40.1(c)(8) and D.C.COLO.LCivR 40.1(a). Bby Magistrate Judge Kathryn A. Starnella on October 10, 2023. Text Only Entry (kaslc1, ) (Entered: 10/10/2023) |
| 10/11/2023 | 15 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 11 October 2023. IT IS HEREBY ORDERED that the Defendants' Unopposed Motion to Continue the Scheduling Conference and Associated Deadlines 13 is GRANTED. IT IS FURTHER ORDERED that the Scheduling Conference set for October 24, 2023, at 10:00 a.m. is VACATED and **RESET to December 13, 2023, at 11:00 a.m.** IT IS FURTHER ORDERED that the parties shall submit a proposed scheduling order by **December 6, 2023**.(cmadr, ) (Entered: 10/11/2023) |
| 10/11/2023 | 16 | CASE REASSIGNED pursuant to 14 Minute Order. This case is randomly reassigned to Judge Robert E. Blackburn and drawn to Magistrate Judge Kathryn A. Starnella. All future pleadings should be designated as 23–cv–02093–REB. (Text Only Entry) (cmadr, ) (Entered: 10/11/2023) |
| 10/11/2023 | 17 | MEMORANDUM RETURNING CASE by Senior Judge Robert E. Blackburn. This case is randomly reassigned to Judge Daniel D. Domenico for all further proceedings. (schap, ) (Entered: 10/11/2023) |
| 11/07/2023 | 18 |  |

| | | |
|---|---|---|
| | | MOTION for Leave to *Exceed the Word Limit for Motion to Compel Arbitration and to Dismiss* by Defendants Frontier Airlines Holding, Inc., Frontier Airlines Management, Inc., Frontier Airlines, Inc.. (Day, Anna) (Entered: 11/07/2023) |
| 11/09/2023 | 19 | STIPULATION *and Motion to Extend Deadlines* by Defendants Frontier Airlines Holding, Inc., Frontier Airlines Management, Inc., Frontier Airlines, Inc., Indigo Partners, LLC. (Day, Anna) Modified to reflect this is a MOTION on 11/13/2023 (cmadr, ). (Entered: 11/09/2023) |
| 11/13/2023 | 20 | ORDER REFERRING CASE to Magistrate Judge Kathryn A. Starnella. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of Local Civ. R. 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, (4) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions, and (5) pursuant to Local Civ. R. 16.6 and at the discretion of the Magistrate Judge, convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. SO ORDERED by Judge Daniel D. Domenico on 11/13/2023. Text Only Entry (dddlc1, ) (Entered: 11/13/2023) |
| 11/13/2023 | 21 | ORDER REFERRING MOTION: 19 Motion for Extension of Time to filed by Frontier Airlines Management, Inc., Frontier Airlines, Inc., Frontier Airlines Holding, Inc., Indigo Partners, LLC. Motion referred to Magistrate Judge Kathryn A. Starnella by Judge Daniel D. Domenico on 11/13/2023. Text Only Entry (dddlc1, ) (Entered: 11/13/2023) |
| 11/13/2023 | 22 | ORDER granting 18 Motion for Leave to Exceed the Word Limitation. Defendant's Motion to Compel Arbitration and to Dismiss may include 6,000 words. SO ORDERED by Judge Daniel D. Domenico on 11/13/2023. Text Only Entry (dddlc8, ) (Entered: 11/13/2023) |
| 11/13/2023 | 23 | ORDER OF RECUSAL pursuant to 28 U.S.C. § 455. On review of the pleadings, parties, and entries of appearance in this case, I conclude that I must recuse myself. The Clerk of Court is directed to reassign this case to another judge. SO ORDERED by Judge Daniel D. Domenico on 11/13/2023. Text Only Entry (dddlc1, ) (Entered: 11/13/2023) |
| 11/13/2023 | 24 | CASE REASSIGNED pursuant to 23 Order. This case is randomly reassigned to Judge Regina M. Rodriguez and drawn to Magistrate Judge Kathryn A. Starnella. All future pleadings should be designated as 23–cv–02093–RMR–KAS. (Text Only Entry) (cmadr, ) (Entered: 11/13/2023) |
| 11/13/2023 | 25 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Frontier Airlines Holdings, Inc., Corporate Parent Frontier Airlines Management, Inc. for Frontier Airlines, Inc.; Other Affiliate Indigo Partners LLC for Indigo Partners, LLC; Corporate Parent Frontier Group Holdings, Inc. for Frontier Airlines Holding, Inc.. (Day, Anna) (Entered: 11/13/2023) |
| 11/14/2023 | 26 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 14 November 2023. IT IS HEREBY ORDERED that the Joint Stipulation and Motion toExtend Deadlines 19 |

| | | |
|---|---|---|
| | | is GRANTED. Plaintiff may file an amended complaint **no later than November 29, 2023.** Defendant shall answer or otherwise respond to the operative complaint, whether the current Complaint 1 or the Amended Complaint, if one is filed, **no later than January 9, 2024.** IT IS FURTHER ORDERED that the Scheduling Conference set for December 13, 2023, at 11:00 a.m. is **VACATED and RESET to February 26, 2024, at 9:30 a.m.** in Courtroom C−204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. IT IS FURTHER ORDERED that, **no later than February 20, 2024,** the parties shall submit their proposed scheduling order(cmadr, ) (Entered: 11/15/2023) |
| 11/29/2023 | 27 | CLASS ACTION AMENDED COMPLAINT , filed by Jeriyma Hartsfield.(Abbott, Blake) Modified to correct title on 11/30/2023 (jcharl, ). (Entered: 11/29/2023) |
| 11/30/2023 | 28 | MINUTE ORDER. PLEASE NOTE DATE AND TIME CHANGE ONLY. This matter is before the Court sua sponte. Due to a conflict on the Court calendar, IT IS HEREBY ORDERED that the Scheduling Conference set for February 26, 2024, at 9:30 a.m. is VACATED and RESET to March 5, 2024, at 10:00 a.m. in Courtroom C−204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. IT IS FURTHER ORDERED that the deadline to file the Proposed Scheduling Order is extended to February 27, 2024. by Magistrate Judge Kathryn A. Starnella on 11/30/3023. Text Only Entry (kaslc2, ) (Entered: 11/30/2023) |
| 12/12/2023 | 29 | NOTICE OF CASE ASSOCIATION *for Related Case* by Anna S. Day on behalf of Frontier Airlines Holding, Inc., Frontier Airlines Management, Inc., Frontier Airlines, Inc., Indigo Partners, LLC (Day, Anna) (Entered: 12/12/2023) |
| 01/09/2024 | 30 | MOTION to Dismiss *Class Action Complaint Pursuant to Rule 12(b)(5) and (6) and Compel Arbitration* by Defendants Frontier Airlines Holding, Inc., Frontier Airlines Management, Inc., Frontier Airlines, Inc.. (Attachments: # 1 Appendix Declarations of Muir and Monteneri)(Day, Anna) (Entered: 01/09/2024) |
| 01/09/2024 | 31 | MOTION to Dismiss *Class Action Complaint Pursuant to Rule 12(b)(2) and (6)* by Defendant Indigo Partners, LLC. (Attachments: # 1 Appendix Declaration of Klingler)(Day, Anna) (Entered: 01/09/2024) |
| 01/09/2024 | 32 | MOTION to Stay *Discovery Pending Resolution of Defendants' Pre−Answer Motions* by Defendants Frontier Airlines Holding, Inc., Frontier Airlines Management, Inc., Frontier Airlines, Inc., Indigo Partners, LLC. (Day, Anna) (Entered: 01/09/2024) |
| 01/10/2024 | 33 | ORDER REFERRING MOTIONS:<br><br>31 MOTION to Dismiss *Class Action Complaint Pursuant to Rule 12(b)(2) and (6)* filed by Indigo Partners, LLC,<br>30 MOTION to Dismiss *Class Action Complaint Pursuant to Rule 12(b)(5) and (6) and Compel Arbitration* filed by Frontier Airlines Management, Inc., Frontier Airlines, Inc., Frontier Airlines Holding, Inc.,<br>32 MOTION to Stay *Discovery Pending Resolution of Defendants' Pre−Answer Motions* filed by Frontier Airlines Management, Inc., Frontier Airlines, Inc., Frontier Airlines Holding, Inc., Indigo Partners, LLC.<br><br>Motions referred to Magistrate Judge Kathryn A. Starnella by Judge Regina M. Rodriguez on 1/10/2024. Text Only Entry (rmrja) (Entered: 01/10/2024) |
| 01/22/2024 | 34 | NOTICE of Entry of Appearance by Paul J. Doolittle on behalf of Simon Gebru, Marlon Gosa, Mark Graham, Dominique Gutierrez, Dakota Helm, Chris Kline, Misty |

| | | |
|---|---|---|
| | | McKinneyAttorney Paul J. Doolittle added to party Simon Gebru(pty:pla), Attorney Paul J. Doolittle added to party Marlon Gosa(pty:pla), Attorney Paul J. Doolittle added to party Mark Graham(pty:pla), Attorney Paul J. Doolittle added to party Dominique Gutierrez(pty:pla), Attorney Paul J. Doolittle added to party Dakota Helm(pty:pla), Attorney Paul J. Doolittle added to party Chris Kline(pty:pla), Attorney Paul J. Doolittle added to party Misty McKinney(pty:pla) (Doolittle, Paul) (Entered: 01/22/2024) |
| 01/22/2024 | 35 | NOTICE of Entry of Appearance by Blake Garrett Abbott on behalf of Simon Gebru, Marlon Gosa, Mark Graham, Dominique Gutierrez, Dakota Helm, Chris Kline, Misty McKinneyAttorney Blake Garrett Abbott added to party Simon Gebru(pty:pla), Attorney Blake Garrett Abbott added to party Marlon Gosa(pty:pla), Attorney Blake Garrett Abbott added to party Mark Graham(pty:pla), Attorney Blake Garrett Abbott added to party Dominique Gutierrez(pty:pla), Attorney Blake Garrett Abbott added to party Dakota Helm(pty:pla), Attorney Blake Garrett Abbott added to party Chris Kline(pty:pla), Attorney Blake Garrett Abbott added to party Misty McKinney(pty:pla) (Abbott, Blake) (Entered: 01/22/2024) |
| 01/26/2024 | 36 | Joint MOTION for Extension of Time to File Response/Reply as to 31 MOTION to Dismiss *Class Action Complaint Pursuant to Rule 12(b)(2) and (6)*, 32 MOTION to Stay *Discovery Pending Resolution of Defendants' Pre−Answer Motions* by Plaintiffs Simon Gebru, Marlon Gosa, Mark Graham, Dominique Gutierrez, Jeriyma Hartsfield, Dakota Helm, Chris Kline, Misty McKinney. (Abbott, Blake) (Entered: 01/26/2024) |
| 01/26/2024 | 37 | STIPULATION *OF DISMISSAL WITH PREJUDICE OF FRONTIER AIRLINES HOLDINGS, INC., FRONTIER AIRLINES MANAGEMENT, INC., AND INDIGO PARTNERS LLC* by Plaintiffs Simon Gebru, Marlon Gosa, Mark Graham, Dominique Gutierrez, Jeriyma Hartsfield, Dakota Helm, Chris Kline, Misty McKinney. (Abbott, Blake) (Entered: 01/26/2024) |
| 01/26/2024 | 38 | ORDER FOR DISMISSAL. THIS MATTER having come before the Court on the parties' JOINT STIPULATION OF DISMISSAL WITH PREJUDICE OF FRONTIER AIRLINES HOLDINGS, INC., FRONTIER AIRLINES MANAGEMENT, INC., AND INDIGO PARTNERS LLC, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and the Court being fully advised in the premises, It is hereby ORDERED that the above−captioned matter is dismissed, with prejudice, with each party to bear its own attorneys' fees and costs. SO ORDERED by Judge Regina M. Rodriguez on 01/26/2024. (jrobe, ) Modified to correct text on 1/26/2024 (jrobe, ). (Entered: 01/26/2024) |
| 01/26/2024 | 39 | Utility Settings: Proposed Scheduling Order due 2/27/2024. Scheduling Conference set for 3/5/2024 10:00 AM in Courtroom C204 before Magistrate Judge Kathryn A. Starnella. (jrobe, ) (Entered: 01/26/2024) |
| 01/26/2024 | 40 | Case Administratively Reopened; Closed in Error. (jrobe, ) (Entered: 01/26/2024) |
| 01/27/2024 | 41 | ORDER REFERRING MOTION:

36 Joint MOTION for Extension of Time to File Response/Reply as to 31 MOTION to Dismiss *Class Action Complaint Pursuant to Rule 12(b)(2) and (6)*, 32 MOTION to Stay *Discovery Pending Resolution of Defendants' Pre−Answer Motions</ filed by Mark Graham, Chris Kline, Simon Gebru, Dominique Gutierrez, Dakota Helm, Misty McKinney, Jeriyma Hartsfield, Marlon Gosa.* |

| | | |
|---|---|---|
| | | *Motion referred to Magistrate Judge Kathryn A. Starnella by Judge Regina M. Rodriguez on 1/27/2024. Text Only Entry (rmrja) (Entered: 01/27/2024)* |
| 02/06/2024 | 42 | MINUTE ORDER by Magistrate Judge Kathryn A. Starnella on 2/6/2024. IT IS HEREBY ORDERED that the Joint Motion to Extend Deadlines for the Responses and Replies to Frontier Airlines, Inc.'s Motion to Dismiss and Motion to Stay Discovery, and to Extend the Scheduling Conference and Associated Deadlines 36 is GRANTED. No later than **February 20, 2024**, Plaintiffs shall file Responses to Defendant's Motion to Compel Arbitration and Dismiss Class Action Complaint Pursuant to Rule 12(b)(5) and (6) 30 and to Defendant's Motion to Stay Discovery Pending Resolution of Their Pre−Answer Motions 32 . **No later than March 12, 2024**, Defendant shall file Replies in connection with these same motions. IT IS FURTHER ORDERED that the Scheduling Conference set for March 5, 2024, at 10:00 a.m. is VACATED and RESET to **March 20, 2024, at 10:30 a.m.** in Courtroom C−204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. IT IS FURTHER ORDERED that, **no later than March 13, 2024**, the parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures.(dgumb, ) (Entered: 02/07/2024) |
| 02/20/2024 | 43 | RESPONSE to 30 MOTION to Dismiss *Class Action Complaint Pursuant to Rule 12(b)(5) and (6) and Compel Arbitration*, 32 MOTION to Stay *Discovery Pending Resolution of Defendants' Pre−Answer Motions in Opposition* filed by Plaintiffs Simon Gebru, Marlon Gosa, Mark Graham, Dominique Gutierrez, Jeriyma Hartsfield, Dakota Helm, Chris Kline, Misty McKinney. (Abbott, Blake) (Entered: 02/20/2024) |
| 03/12/2024 | 44 | REPLY to Response to 30 MOTION to Dismiss *Class Action Complaint Pursuant to Rule 12(b)(5) and (6) and Compel Arbitration* filed by Defendant Frontier Airlines, Inc.. (Day, Anna) (Entered: 03/12/2024) |
| 03/12/2024 | 45 | REPLY to Response to 32 MOTION to Stay *Discovery Pending Resolution of Defendants' Pre−Answer Motions* filed by Defendant Frontier Airlines, Inc.. (Day, Anna) (Entered: 03/12/2024) |
| 03/13/2024 | 46 | Proposed Scheduling Order by Plaintiffs Simon Gebru, Marlon Gosa, Mark Graham, Dominique Gutierrez, Jeriyma Hartsfield, Dakota Helm, Chris Kline, Misty McKinney. (Doolittle, Paul) (Entered: 03/13/2024) |
| 03/15/2024 | 47 | PRE−SCHEDULING CONFERENCE ORDER by Magistrate Judge Kathryn A. Starnella on 3/15/2024. (dgumb, ) (Entered: 03/15/2024) |
| 03/19/2024 | 48 | MOTION for Leave to Appear *Remotely* by Plaintiffs Simon Gebru, Marlon Gosa, Mark Graham, Dominique Gutierrez, Jeriyma Hartsfield, Dakota Helm, Chris Kline, Misty McKinney. (Doolittle, Paul) (Entered: 03/19/2024) |
| 03/19/2024 | 49 | ORDER REFERRING MOTION:<br><br>48 MOTION for Leave to Appear *Remotely* filed by Mark Graham, Chris Kline, Simon Gebru, Dominique Gutierrez, Dakota Helm, Misty McKinney, Jeriyma Hartsfield, Marlon Gosa.<br><br>Motion referred to Magistrate Judge Kathryn A. Starnella by Judge Regina M. Rodriguez on 3/19/2024. Text Only Entry (rmrja) (Entered: 03/19/2024) |
| 03/19/2024 | 50 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 19 March 2024. IT IS HEREBY ORDERED that the Plaintiffs' Motion for Plaintiffs' Counsel to Appear |

| | | |
|---|---|---|
| | | Remotely <u>48</u> is GRANTED. Plaintiffs' counsel may appear at the March 20, 2024, Scheduling Conference by telephone. Counsel for Plaintiffs shall call the Court at **571–353–2301, Access Code: 334545142#** from a land line, if possible, at the time of the Scheduling Conference.(cmadr, ) (Entered: 03/19/2024) |
| 03/20/2024 | <u>51</u> | MINUTE ENTRY for Scheduling Conference held before Magistrate Judge Kathryn A. Starnella on 3/20/2024. <u>32</u> Motion to Stay is GRANTED. FTR: KAS Courtroom C204. (lgale, ) (Entered: 03/20/2024) |
| 06/14/2024 | <u>52</u> | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE by Magistrate Judge Kathryn A. Starnella on 14 June 2024. IT IS HEREBY RECOMMENDED that the Motion to Compel Arbitration and Dismiss Class Action Complaint Pursuant to Rule 12(b)(5) and (6) <u>30</u> be GRANTED to the extent that Defendant seeks an order compelling arbitration. IT IS FURTHER RECOMMENDED that Plaintiffs' claims be DISMISSED WITHOUT PREJUDICE. (cmadr, ) (Entered: 06/17/2024) |
| 07/01/2024 | <u>53</u> | ORDER Adopting <u>52</u> Magistrate Judge's Recommendation entered by Judge Regina M. Rodriguez on 7/1/2024.(kmyha) (Entered: 07/01/2024) |
| 07/01/2024 | <u>54</u> | FINAL JUDGMENT re: <u>53</u> Order on Report and Recommendations, Order on Motion to Dismiss entered by Clerk on 7/1/2024. (kmyha) (Entered: 07/01/2024) |
| 07/30/2024 | <u>55</u> | NOTICE OF APPEAL as to <u>54</u> Judgment by Plaintiffs Simon Gebru, Marlon Gosa, Mark Graham, Dominique Gutierrez, Jeriyma Hartsfield, Dakota Helm, Chris Kline, Misty McKinney (Filing fee $ 605, Receipt Number ACODC–9798790) (Doolittle, Paul) (Entered: 07/30/2024) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02093-RMR-KAS

JERIYMA HARTSFIELD,
SIMON GEBRU,
MARK GRAHAM,
DAKOTA HELM,
MARLON GOSA,
DOMINIQUE GUTIERREZ,
MISTY MCKINNEY, and
CHRIS KLINE,
      individually and on behalf of others similarly situated,

      Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

      Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on Defendant's[1] **Motion to Compel Arbitration and Dismiss Class Action Complaint Pursuant to Rule 12(b)(5) and (6)** [#30][2] (the "Motion"). Plaintiffs filed a Response [#43] in opposition to the Motion [#30], and Defendant filed a Reply [#44]. The Court has reviewed the briefs, the entire case file, and

---

[1] The Motion was filed on behalf of Defendant Frontier Airlines, Inc. and two subsequently dismissed entities, Frontier Airlines Holding, Inc. and Frontier Airlines Management, Inc. *See Motion* [#30] at 2; *see also Order for Dismissal* [#38].

[2] "[#30]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

the applicable law. For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motion [#30] be **GRANTED** to the extent Defendant seeks to compel arbitration.[3]

## I. Background

This class action arises from Plaintiffs' enrollment in Defendant Frontier Airlines' GoWild! Pass Program (the "Pass Program"), a paid offering within Defendant's FRONTIER Miles Program. Plaintiffs, individually and as putative class representatives, allege that the Pass Program fraudulently relies on hidden and unclear Terms & Conditions ("T&C"), which prevented Plaintiffs from booking $0.01 flight tickets as advertised. *Motion* [#30] at 2;[4] *see also Am. Compl.* [#27].

When signing up for the Pass Program, Plaintiffs had to click "Join Now," confirming that they agreed to the T&C, which was hyperlinked above the "Join Now" button in bold and underlined font. *Motion* [#30] at 5; *Movants' App'x* [#30-1], Ex. A at 10. Additionally, the link to the T&C, which opens in another window when clicked, was presented at various points throughout the enrollment process, including in a confirmation email expressly stating that participation in the Pass Program is subject to the T&C. *Motion* [#30] at 5. The T&C's "Miscellaneous Provisions" include an arbitration clause as

---

[3] The Motion [#30] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#33]. The Court acknowledges a division among courts over whether motions to compel arbitration are dispositive for purposes of Magistrate Judge jurisdiction. *See Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140-41 (D. Colo. 2012) (collecting cases and noting that "courts are divided on whether motions to compel arbitration are dispositive for purposes of 28 U.S.C. § 636(b)(1)"). Out of an abundance of caution, the undersigned issues a Recommendation on the Motion [#30]. *Accord Morse Elec., Inc. v. Conrad*, No. 22-cv-91-JWB-GLJ, 2023 WL 9283979, at *1 n.1 (E.D. Okla. Dec. 21, 2023) (acknowledging district court split and, "out of an abundance of caution," resolving a motion to compel arbitration by Recommendation rather than Order").

[4] The Court notes that the inclusion of a cover page in the Motion [#30] means that the blue, court-stamped page numbering does not match the brief's numbering. Where citing to the Motion [#30], the Court refers to the blue, court-stamped page numbers.

follows: "Any disputes in connection with *FRONTIER Miles* or these Program Rules shall be governed by Colorado law, exclusive of Colorado choice of law rules, and the Member agrees to resolve any dispute in connection with *FRONTIER Miles* arising between Member and Frontier by submission to arbitration in Denver County, State of Colorado, in accordance with the rules of JAMS under its Streamlined Arbitration Rules & Procedures then in effect. Any case brought under these Program Rules may be pursued only in a party's individual capacity and not as a plaintiff or class member in any purported class or representative proceeding." *Movants' App'x* [#30-1], Ex. D at 39 (emphasis in original).

Defendant moves to compel arbitration under the T&C's arbitration clause. *Motion* [#30] at 7-9. Defendant also moves to dismiss the claims based on the T&C's class action waiver, preemption by federal law, and facial deficiencies in the pleadings. *Id.* at 9-16. Plaintiffs argue that the arbitration clause is invalid because they never assented to the T&C. *Response* [#43] at 5. Specifically, Plaintiffs contend that the Pass Program's signup process did not provide reasonably conspicuous notice of the terms and conditions to which they agreed. *Id.* They also argue that the arbitration clause is unconscionable and therefore unenforceable. *Id.* at 6-7.[5]

---

[5] Defendant raises other arguments, such as preemption and failure to state a claim, but because the Court finds the arbitration clause to be valid and enforceable, it lacks jurisdiction to consider those arguments, and therefore declines to address them. *Motion* [#30] at 9-16; *see Smith v. Aliera Cos., Inc.*, 534 F. Supp. 3d 1345, 1353 (D. Colo. 2021) ("A valid, enforceable arbitration clause divests a trial court of jurisdiction over all issues that must be submitted to arbitration[.]") (citing *Hughley v. Rocky Mountain Health Maint. Org., Inc.*, 927 P.2d 1325, 1330 (Colo. 1996)).

## II. Analysis

**A.      Arbitration Clause**

Under the Federal Arbitration Act ("FAA"), "[c]ourts must 'rigorously enforce'
arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228, 230 (2013) (citation omitted); *see Sanchez v. Nitro-Lift Techs., LLC*, 762
F.3d 1139, 1145-46 (10th Cir. 2014). The FAA "manifests a liberal federal policy favoring
arbitration." *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1131 (10th Cir. 2004)
(internal citation and quotation marks omitted). A court must either stay or dismiss a
lawsuit and compel the parties to arbitration upon a showing of two things: (1) that a valid,
enforceable arbitration agreement exists; and (2) that the dispute falls within the scope of
those identified in the arbitration agreement. *See Frazier v. W. Union Co.*, 377 F. Supp.
3d 1248, 1256-57 (D. Colo. 2019). Should a movant satisfy these requirements,
arbitration is mandatory. *Id.*

While arbitration agreements are presumptively valid, irrevocable, and
enforceable, *see Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018), a dispute
concerning the agreement's validity and enforceability causes "the presumption of
arbitrability [to] fall[] away[.]" *Nesbitt v. FCNH, Inc.*, 74 F. Supp. 3d 1366, 1370 (D. Colo.
2014) (quoting *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th
Cir. 1998)). Further, when determining whether the arbitration agreement is valid and
enforceable, "[a] federal court must apply state contract law principles[.]" *Nesbitt*, 74 F.
Supp. 3d at 1371 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944
(1995)).[6]

---

[6] Here, Colorado law applies. "In a case in which jurisdiction is founded on diversity, [federal
courts] apply the law of the forum state." *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir.

4

First, the Court must determine whether a valid arbitration agreement exists. Plaintiffs contend that it does not, as they did not manifest consent to Defendant's T&C. *Response* [#43] at 5. Because there is a dispute as to the agreement's validity, the presumption of arbitrability falls away and the court must apply state contract law to determine validity and enforceability. *See Matzdorf v. Uponor, Inc.*, No. 21-cv-02057-RM-STV, 2022 WL 17547941, at *6 (D. Colo. Aug. 24, 2022). The relevant provision of the T&C states that "the [Pass] Member agrees to resolve any dispute in connection with *FRONTIER Miles* arising between Member and Frontier by submission to arbitration in Denver County, State of Colorado[.]" *Motion* [#30] at 8. However, Plaintiffs allege that the T&C and its arbitration clause were obscured and therefore failed to provide the "reasonably conspicuous notice" required to form a valid contract. *Response* [#43] at 5.

Plaintiffs cite *Grosvenor v. Qwest Corp.*, 854 F. Supp. 2d 1021 (D. Colo. 2012), arguing that Defendant failed to provide reasonable and conspicuous notice of the agreement's terms. However, the *Grosvenor* court found reasonable and conspicuous notice in a similar but more obscured agreement process. *Id.* at 1030. There,

> a user activating Qwest internet service would become aware of the terms of the agreement (and manifest assent) through the following steps: (i) the installation software directs the user to "Please read the terms . . . at www.quest.com/legal . . . that governs . . . the service(s) and equipment you ordered."; (ii) the user would navigate to the linked page (the "legal" page); (iii) the user, installing Qwest high-speed internet service, would then click on the "High–Speed Internet Subscriber Agreement" link on that page, thus being taken to yet another page; (iv) the user would review that subscriber agreement; and (v) the user would return to the installation software and manifest assent to the subscriber agreement by clicking "I Accept."

---

1995). The T&C also include a Colorado choice of law provision, and Plaintiffs do not challenge the applicability of Colorado law. *See Movants' App'x* [#30-1], Ex. D at 39 ("Any disputes in connection with FRONTIER Miles or these Program Rules shall be governed by Colorado law, exclusive of Colorado choice of law rules[.]"); *see also Response* [#43] at 6 (citing Colorado law).

*Id.* at 1028. Here, Plaintiffs merely had to click on a single bold and underlined link that directly opened the T&C in a new window, including its arbitration clause. *See Motion* [#30] at 5. Further, this link was provided multiple times after the initial sign-up, including in a confirmation email explicitly stating that the Pass Program is subject to the T&C. *Id.* As such, the Court finds that there was reasonable and conspicuous notice of the T&C, meaning Plaintiffs and Defendant entered into a valid arbitration agreement.

Next, the Court must determine whether the arbitration agreement is unconscionable or otherwise unenforceable. *Est. of Grimm v. Evans*, 251 P.3d 574, 576 (Colo. App. 2010) (concluding that "[t]he court was required to determine whether the arbitration provision was unconscionable"). Plaintiffs argue that the arbitration provision is unconscionable under Colorado contract law. *Response* [#43] at 6. The Colorado Supreme Court has established a multi-factor test to determine a contractual provision's conscionability. *See Davis v. M.L.G. Corp.*, 712 P.2d 985 (Colo. 1986). These factors include:

> (1) a standardized agreement executed by parties of unequal bargaining strength; (2) lack of opportunity to read or become familiar with the document before signing it; (3) use of fine print in the portion of the contract containing the provision; (4) absence of evidence that the provision was commercially reasonable or should reasonably have been anticipated; (5) the terms of the contract, including substantive unfairness; (6) the relationship of the parties, including factors of assent, unfair surprise and notice; and (7) all the circumstances surrounding the formation of the contract, including its commercial setting, purpose and effect.

*Id.* at 991 (numbering added) (citations omitted). During this analysis, "no one factor predominates and courts should examine each of the factors in conjunction with the entirety of the circumstances surrounding the transaction." *Bonanno v. Quizno's Franchise Co., LLC*, No. 06-cv-02358-CMA-KLM, 2009 WL 1068744, at *18 (D. Colo. Apr. 20, 2009).

Plaintiffs argue that their inability to negotiate the terms of the contract clearly demonstrates unequal bargaining strength. *Response* [#43] at 7. Further, they claim that "the convoluted presentation of the agreement" prevented them from reading or becoming familiar with it before signing. *Id.* Plaintiffs also assert a lack of evidence that the provision is commercially reasonable or should have been anticipated. *Id.* They also assert that the contractual terms are substantively unfair. *Id.* Finally, Plaintiffs argue that the provision's effect is unconscionable, as it would prevent them from adjudicating their claims in court and allow Defendant to continue benefitting from their "deceptive money-making scheme." *Id.*

The "arbitration of disputes is generally not unconscionable, and in fact is encouraged by Congress." *Spain v. Johnson*, --- F. Supp. 3d ----, No. 23-cv-00419-DDD-MEH, 2024 WL 907435, at *4 (D. Colo. Jan. 16, 2024). In *Spain*, the court found that even though Lyft's terms of service "are a standardized form, the terms were readily available to [plaintiffs], the use of arbitration is common and not unreasonable (in fact it is encouraged by Congress), and the mass nature of Lyft's service means that tens of thousands of other customers are able to review the same terms. The circumstances here simply don't support the idea that this provision was snuck in or forced upon an unsuspecting or unsophisticated customer with no other options." *Id.* (citing *Davis*, 712 P.2d at 991).

The Court finds that the same analysis applies here, and that Plaintiff's contrary arguments are unsupported. The Court agrees that the T&C are part of a standardized agreement and that the parties have unequal bargaining strength, but every other factor weighs in favor of enforceability: Plaintiffs had numerous opportunities to read the

7

document; the notice of Terms and Conditions was not in particularly fine print; Plaintiffs do not explain why it would be commercially unreasonable or unexpected for a pass program to have Terms and Conditions; the relevant term of the contract (i.e., the arbitration provision) is not substantively unfair; there is no unfair surprise or lack of notice of the T&C; and the circumstances surrounding the formation of the contract do not implicate broader concerns. *Davis*, 712 P.2d at 991; *Movants' App'x* [#30-1], Ex. D at 39. As such, the Court finds that Plaintiffs have failed to show that the arbitration agreement is unconscionable or otherwise unenforceable.

Finally, the Court must determine whether this dispute falls within the scope of the arbitration agreement. If a party's allegations "touch matters" covered by a valid arbitration agreement, those allegations must be arbitrated. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.13 (1985) ("[I]nsofar as the allegations underlying the statutory claims touch matters covered by the enumerated articles, the Court of Appeals properly resolved any doubts in favor of arbitrability."). Here, the Court finds that Plaintiffs claims clearly fall within the umbrella of "any dispute in connection with *FRONTIER Miles* arising between Member and Frontier" that is laid out in the arbitration provision. *Motion* [#30] at 8. The allegations at the very least "touch matters" covered by this broad arbitration provision, as they are directly connected to an offering within Defendant's larger "FRONTIER Miles" program. Therefore, the Court finds that the dispute falls within the scope of the arbitration agreement and that Plaintiffs should be compelled to arbitrate their claims.

## B.    Class Action Waiver

Defendant also moves to dismiss Plaintiffs' suit based on the T&C's class action waiver. *Motion* [#30] at 9; *Movants' App'x* [#30-1], Ex. D at 39, ¶ m. The T&C state that "[a]ny case brought under the[ ] Program Rules may be pursued only in a party's individual capacity and not as a plaintiff or class member in any purported class or representative proceeding." *Id.* As with all contractual provisions, class action waivers are presumed enforceable under Colorado law. *See Bonanno*, 2009 WL 1068744, at *17 ("Courts applying Colorado law start with the presumption that a contract clause is enforceable."). Therefore, Plaintiffs carry the burden of showing that the provision should not be enforced. *Id.* at *12 ("As the parties seeking to escape application of an unambiguous contractual provision, the burden rests on Plaintiffs to show that the Court should not enforce the class action bar provision."). Plaintiffs make no argument that this unambiguous class action waiver is unconscionable or otherwise unenforceable. *See generally Response* [#43]. Therefore, the Court finds that the class action waiver bars Plaintiffs from pursuing such claims. Accordingly, the Court recommends that Plaintiffs' Complaint [#27] be **dismissed without prejudice**.

## C.    Remaining Issues

Because the Court finds that the arbitration clause and class action waiver require dismissal of this matter, it does not address the Motion's [#30] remaining arguments pertaining to preemption and pleading deficiencies. "A valid, enforceable arbitration clause divests a trial court of jurisdiction over all issues that must be submitted to arbitration[.]" *Smith v. Aliera Cos., Inc.*, 534 F. Supp. 3d 1345, 1353 (D. Colo. 2021) (citing *Hughley v. Rocky Mountain Health Maint. Org., Inc.*, 927 P.2d 1325, 1330 (Colo. 1996)).

9

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#30] be **GRANTED** to the extent that Defendant seeks an order compelling arbitration.

IT IS FURTHER **RECOMMENDED** that Plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: June 14, 2024                                        BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 23-cv-02093-RMR-KAS

JERIYMA HARTSFIELD,
SIMON GEBRU,
MARK GRAHAM,
DAKOTA HELM,
MARLON GOSA,
DOMINIQUE GUTIERREZ,
MISTY MCKINNEY, and
CHRIS KLINE,
          individually and on behalf of others similarly situated,

          Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

          Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge, entered on June 14, 2024, ECF No. 52, addressing Defendant's Motion to Compel Arbitration and Dismiss Class Action Complaint Pursuant to Rule 12(b)(5) and (6), ECF No. 30. Magistrate Judge Kathryn A. Starnella recommends that the Motion be granted to the extent Defendant seeks to compel arbitration. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard.

Accordingly, it is **ORDERED** as follows:

1) The Recommendation of the United States Magistrate Judge, ECF No. 52, is **ACCEPTED and ADOPTED**;

2) Defendant's Motion to Compel Arbitration and Dismiss Class Action Complaint, ECF No. 30 is **GRANTED** to the extent Defendant seeks an order compelling arbitration;

3) Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed R. Civ. P. 72(b).

DATED:  July 1, 2024

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 23-cv-02093-RMR-KAS

JERIYMA HARTSFIELD,
SIMON GEBRU,
MARK GRAHAM,
DAKOTA HELM,
MARLON GOSA,
DOMINIQUE GUTIERREZ,
MISTY MCKINNEY, and
CHRIS KLINE,
     Individually and on behalf of others similarly situated,

     Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

     Defendant.

---

### FINAL JUDGMENT

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order Adopting Magistrate Judge's Recommendation entered by United States District Judge Regina M. Rodriguez on July 1, 2024, [ECF No. 53], it is

ORDERED that Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that judgment is entered in favor of the Defendant. It is

FURTHER ORDERED that the Defendant is awarded costs to be taxed by the Clerk of the Court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

This case will be closed.

Dated at Denver, Colorado this 1ˢᵗ day of July, 2024.

FOR THE COURT:
JEFFREY P. COLWELL, CLERK

By: s/ K. Myhaver
K. Myhaver, Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| JERIYMA HARTSFIELD, SIMON GEBRU, ) <br> MARK GRAHAM, DAKOTA HELM, ) <br> MARLON GOSA, DOMINIQUE GUTIERREZ, ) <br> MISTY MCKINNEY and CHRIS KLINE ) <br> individually and on behalf of others similarly ) <br> situated, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> v. ) <br> ) <br> FRONTIER AIRLINES, INC., ) <br> ) <br> DEFENDANT. | Case No. 1:23-CV-02093 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## NOTICE OF APPEAL

Jeriyma Hartsfield, Simon Gebru, Mark Graham, Dakota Helm, Marlon Gosa, Dominique Gutierrez, Misty McKinney and Chris Kline, Plaintiffs in the above mentioned case, hereby appeal to the United States Court of Appeals for the Tenth Circuit from the final judgment entered on July 1, 2024.

Dated: July 30, 2024

Respectfully Submitted,

/s/     *Paul J. Doolittle*
Paul J. Doolittle, Esq.
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
T: (803) 222-2222
Paul.doolittle@poulinwilley.com

*Attorney for Plaintiff and Putative Class*

1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 30, 2024, the foregoing Notice of Appeal was filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

<div style="margin-left:50%">

/s/    *Paul J. Doolittle*
Paul J. Doolittle, Esq.
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
T: (803) 222-2222
Paul.doolittle@poulinwilley.com

</div>

2